**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| IN RE: CAROLINE LOPEZ-PEREZ<br>AND ELIASER PEREZ<br>*DEBTORS.* | CASE NO. 26-42732-ELM7<br>**CHAPTER 7** |

## PLAINTIFFS' MOTION FOR RELIEF FROM AUTOMATIC STAY

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Chelsea Angelocci and Thomas Franklin Sellers ("Plaintiffs"), creditors and party-in-interest in the above-captioned case, and files this Original Complaint to determine the dischargeability of a debt and in support thereof, would respectfully show the Court the following:

## I. FACTUAL BACKGROUND

1. Plaintiffs are the petitioners in a pending county court lawsuit styled *Chelsea Angelocci and Thomas Franklin Sellers v. Perez Remodeling FTW, LLC, Caroline Lopez-Perez, and Eliaser Perez*, Cause No. 2025-0004200-1, in the County Court at Law No. 1 of Tarrant County, Texas.
2. The lawsuit arises from incidents that occurred throughout 2024. Whereon June 4, 2026, a six-person jury panel found the Debtors liable for breach of contract, breach of express warranty, fraud, negligence resulting in construction defects and damage to the residence, and violations of the DTPA, and further found that the DTPA violations were committed knowingly and intentionally. Plaintiffs seek damages for this knowingly fraudulent conduct. (See Exhibit A).

3. On June 9, 2026, Plaintiffs filed a Motion to Enter Judgment. (See Exhibit B).

4. Subsequently, on June 14, 2026, after Plaintiffs could not get agreement from Defense counsel, Plaintiffs set the Motion to Enter Judgment for a hearing on June 24, 2026 (See Exhibit C).

5. The evening before the state trial court could enter judgment on the jury's verdict, Defendant-Debtors filed a joint petition for relief in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, Case No. 26-42732-elm7. (See Exhibit D).

## II. Reasons to Lift Automatic Stay

6. Plaintiffs seek limited relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to allow them to prosecute the pending state court litigation to final judgment for the purposes of liquidating their claim and obtaining findings of fact necessary to support this nondischargeability action.

7. Cause exists to lift the stay because:

    a) The litigation is already complete and a verdict favoring the Plaintiffs has been reached in Tarrant County;

    b) Lifting the stay will promote judicial economy and avoid duplicative litigation;

    c) Liquidating Plaintiffs' claims for damages;

    d) The issues of liability and damages have already been adjudicated by a jury, and entry of judgment will not prejudice the bankruptcy estate; and

    e) Preventing further prejudice to Plaintiffs resulting from delay in the

resolution of their claims.

8. The Plaintiffs agree not to enforce any judgment without further order of this Court.

## III. Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully pray that this Court enters an order:

1. Granting relief from the automatic stay under § 362(d)(1) to allow the Tarrant County Texas state action in Cause No. 2025-004200-1 to proceed through final judgment;
2. Authorizing Plaintiffs to liquidate their claim but not to enforce any judgment against Debtor without further order of this Court; and
3. Granting such other and further relief to which Plaintiffs may show themselves justly entitled.

Respectfully submitted June 25, 2026:

**Sellers Law Firm, PC**
1612 Summit Ave., Suite 200
Fort Worth, Texas 76102
P: 817.928.4222
F: 817.385.6715

**/s/ Frank Sellers**
Texas Bar No. 24080305
frank@sellerstriallaw.com

**/s/ Dustin G. Hoffman**
Texas Bar No. 24120896
dustin@sellerstriallaw.com

– AND –

**Collin Ashworth Law**
2214 Park Springs Blvd
Arlington, TX 76013
P: 817-265-1568

**/s/ Collin Ashworth**
Texas Bar No. 24099660
collin@collinashworthlaw.com

**ATTORNEYS FOR PLAINTIFFS**

## Certificate of Service

I certify that on June 25, 2026, a true and correct copy of the foregoing was served via email and the Court's CM/ECF system on all counsel of record, including counsel for Defendant/Debtors, Jon M. Reaves, to jreaves@reaveslee.com.

/s/ Frank Sellers
Frank Sellers

# A

6-4-26 ✓

**County Court at Law No. 1**
**Tarrant County, Texas**

| | |
|---|---|
| **Chelsea Angelocci and Thomas Franklin Sellers,** ***Plaintiffs,*** | |
| **v.** | **Cause No. 2025-0004200-1** |
| **Perez Remodeling FTW, LLC, Caroline Lopez-Perez, and Eliaser Perez Jr.,** ***Defendants.*** | |

## COURT'S CHARGE TO THE JURY

Members of the Jury:

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason.

Here are the instructions for answering the questions.

1. Do not let bias, prejudice, or sympathy play any part in your decision.
2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.
3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.
4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.
5. All the questions and answers are important. No one should say that any question or answer is not important.
6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

Some of the questions in this charge ask you to answer based on "clear and convincing evidence." That phrase means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established. The instructions for those questions will tell you so.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.
8. Do not answer questions by drawing straws or by any method of chance.
9. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.
10. Do not trade your answer to one question for someone else's answer to another question.
11. Unless otherwise instructed, the answers to the questions must be based on the decision of at least five of the six jurors. The same five jurors must agree on every answer. Do not agree to be bound by a vote of anything less than five jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## Definitions

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Producing cause" means a cause that was a substantial factor in bringing about the injury, harm, or damages, if any, and without which the injury, harm, or damages would not have occurred. There may be more than one producing cause.

"Construction defect" means a matter concerning the design, construction, or repair of a residence, of an alteration of or repair or addition to an existing residence, or of an appurtenance to a residence, on which a person has a complaint against a contractor. The term may include any physical damage to the residence, any appurtenance, or the real property on which the residence and appurtenance are affixed proximately caused by a construction defect.

"Knowingly" means actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim. Actual awareness may be inferred when objective manifestations indicate that a person acted with actual awareness.

A "good and workmanlike manner" is that quality of work performed by one who has the knowledge, training, or experience necessary for the successful practice of a trade or occupation and performed in a manner generally considered proficient by those capable of judging such work.

## Question 1

Did Perez Remodeling FTW, LLC fail to substiantially comply with the parties' April 12, 2024 construction contract?

Substantial compliance means that the essential elements of the contract have been performed such that the work is substantially completed.

Answer "Yes" or "No."

Answer: Yes

## Question 2

Did Perez Remodeling FTW, LLC fail to comply with an express warranty given to Plaintiffs?

An “express warranty” is created when —

1. a party makes an affirmation of fact or promise that relates to the goods or services and becomes part of the basis of the bargain; and
2. the goods or services do not conform to the affirmation or promise.

Plaintiffs allege Perez Remodeling FTW, LLC made the following express warranties:

1. Jorge Barrios would fabricate and install the cabinets;
2. If not Jorge Barrios, the cabinet fabrication and installation would be of equal quality to that of Barrios;
3. Perez Remodeling FTW, LLC, works with many cabinetmakers, and any they use are of at least equal standard, quality, or grade to that of Jorge Barrios;
4. Time was of the essence, and the work would be completed on or before September 6, 2024;
5. That the kitchen remodel done at 3812 W. 4th Street would be done in a good and workmanlike manner;
6. That Perez Remodeling was fully licensed and insured;
7. That Perez Remodeling would carry a not less than $1 Million liability policy during the time the work was complted at 3812 W. 4th Street;
8. That Perez Remodeling would pull all necessary permits prior to completing the kitchen remodel at 3812 W. 4th Street;
9. That Perez Remodeling would perform work in compliance with all applicable laws, trade standards, and codes; or
10. That Perez Remodeling would “At the completion of the Work . . . remove all waste materials, rubbish and debris from and about the Property as well as all tools, appliances, construction equipment and machinery, and surplus materials, and shall leave the Property clean and ready for occupancy by Client.”

You need not all agree on the same express warranty, but to vote yes you must believe Defendant failed to comply with at least one of the express warranties.

Answer “Yes” or “No.”

Answer: Yes

## Question 3

Did any of those named below commit fraud against Plaintiffs by doing any of the following:

1. Representing that Perez Remodeling FTW, LLC carried general liability insurance with limits of not less than $1,000,000 per occurrence;
2. Representing that Jorge "George" Barrios would fabricate and install the cabinetry, or by failing to disclose that another cabinetmaker would be substituted for Mr. Barrios;
3. Representing that Perez Remodeling FTW, LLC works with many cabinetmakers, and any the substituted cabinetmakers they use on the project at 3812 W. 4th Street would be of equal or better quality than those made by Jorge "George" Barrios;
4. Representing that the substituted cabinetmaker would produce work equal in quality or better to the work of Mr. Barrios;
5. Representing that the electrical and plumbing work would be safe and code-compliant;
6. Representing that Perez Remodeling FTW, LLC would pull all necessary permits, and comply with all applicable laws, codes, and trade standards; or
7. Representing that Perez Remodeling FTW, LLC would use licensed plumbers and electricians who were employees of Perez Remodeling FTW, LCC.

You need not all agree on the same representation, but to vote yes you must believe Defendant failed to comply with at least one of the representations above.

"Fraud" occurs when —

1. a party makes a material misrepresentation,
2. the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion,
3. the misrepresentation is made with the intention that it should be acted on by the other party, and
4. the other party acts in reliance on the misrepresentation and thereby suffers injury.

"Misrepresentation" means —

1. a false statement of fact;
2. a promise of future performance made with an intent, at the time the promise was made, not to perform as promised;
3. a statement of opinion based on a false statement of fact;
4. a statement of opinion that the maker knows to be false; or
5. an expression of opinion that is false, made by one claiming or implying to have special knowledge of the subject matter of the opinion. "Special knowledge" means knowledge or information superior to that possessed by the other party and to which the other party did not have equal access.

Answer "Yes" or "No" for each of the following:

Perez Remodeling FTW, LLC: yes

Caroline Lopez-Perez: yes

Eliaser Perez Jr.: yes

## Question 4

Did the negligence, if any, of those named below proximately cause damages to Plaintiffs' residence?

To answer yes, you must find find that:

1. The construction defect existed at the time of completion of the construction, alteration, or repair; and

2. The damages were proximately caused by the construction defect

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Answer "Yes" or "No" for each of the following:

Perez Remodeling FTW, LLC: Yes

Caroline Lopez-Perez: Yes

Eliaser Perez Jr.: Yes

Chelsea Angelocci: Yes

Thomas Franklin Sellers: Yes

**Question 5**

Did Perez Remodeling FTW, LLC engage in any false, misleading, or deceptive act or practice that Plaintiffs relied on to their detriment and that was a producing cause of damages to Plaintiffs?

"False, misleading, or deceptive act or practice" means any one of the following:

1. representing that goods or services have characteristics, uses, or benefits they do not have;
2. representing that goods or services are of a particular standard, quality, or grade if they are of another;
3. representing that an agreement confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law; or
4. failing to disclose information about goods or services that was known at the time of the transaction with the intent to induce the consumer into a transaction the consumer would not have entered into had the information been disclosed.

Here, Plaintiffs allege the following false, misleading, or deceptive act or practice:

1. Jorge Barrios would fabricate and install the cabinets;
2. If not Jorge Barrios, the cabinet fabrication and installation would be of equal quality to that of Barrios;
3. That Perez Remodeling was fully licensed and insured;
4. That Perez Remodeling would carry a not less than $1 Million liability policy during the time the work was complted at 3812 W. 4th Street;
5. That Perez Remodeling would pull all necessary permits prior to completing the kitchen remodel at 3812 W. 4th Street; or
6. That Perez Remodeling would perform work in compliance with all applicable laws, trade standards, and codes.

You need not all agree on the same false, misleading, or deceptive act or practice, but to vote yes you must believe Defendant engaged in one or more of the false, misleading, or deceptive act(s) or practice(s).

Answer "Yes" or "No" for each of the following acts or practices:

5A. Misrepresenting characteristics, uses, or benefits of services: yes

5B. Misrepresenting the standard, quality, or grade of services: yes

5C. Misrepresenting the rights or obligations conferred by the agreement: yes

5D. Failing to disclose information: yes

Answer Question 6 only if you answered "Yes" to Question 5A, Question 5B, Question 5C, or Question 5D. Otherwise, do not answer Question 6.

**Question 6**

Did Perez Remodeling FTW, LLC engage in any such conduct knowingly?

"Knowingly" means actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

In answering this question, consider only the conduct that you have found was a producing cause of damages to Plaintiffs.

Answer "Yes" or "No."

Answer: yes

Answer Question 7 only if you answered "Yes" to Question 5A, Question 5B, Question 5C, or Question 5D. Otherwise, do not answer Question 7.

**Question 7**

Did Perez Remodeling FTW, LLC engage in any such conduct intentionally?

"Intentionally" means actual awareness of the falsity, deception, or unfairness of the conduct in question, coupled with the specific intent that Plaintiffs act in detrimental reliance on the falsity or deception. Specific intent may be inferred where objective manifestations indicate that a person acted intentionally.

In answering this question, consider only the conduct that you have found was a producing cause of damages to Plaintiffs.

Answer "Yes" or "No."

Answer: yes

Answer Question 8 only if you answered "Yes" as to more than one person or entity in response to Question 4. Otherwise, do not answer Question 8.

**Question 8**

For this question, consider only the conduct of those persons or entities, if any, that you found to be a proximate cause of damages in Question 4.

Assign percentages of responsibility only to those you found caused or contributed to cause damages. The percentages you assign must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one of those listed below is not necessarily measured by the number of acts or omissions found.

Answer in percentages.

Perez Remodeling FTW, LLC: 80 %

Caroline Lopez-Perez: 5 %

Eliaser Perez Jr.: 5 %

Chelsea Angelocci: 5 %

Thomas Franklin Sellers: 5 %

**Total: 100%**

Answer Question 9 only if you answered "Yes" as to Perez Remodeling FTW, LLC in Question 5A, Question 5B, Question 5C, or Question 5D. Otherwise, do not answer Question 9.

**Question 9**

Is Caroline Lopez-Perez responsible for the conduct of Perez Remodeling FTW, LLC found by you in response to Question 5?

Caroline Lopez-Perez is "responsible" for the conduct of Perez Remodeling FTW, LLC if that person caused Perez Remodeling FTW, LLC to be used for the purpose of perpetrating, and Perez Remodeling FTW, LLC did perpetrate, an actual fraud on Plaintiffs primarily for the direct personal benefit of that person.

"Actual fraud" in this question involves dishonesty of purpose or intent to deceive.

Answer "Yes" or "No" for each of the following:

Caroline Lopez-Perez: yes

Answer Question 10 only if you answered "Yes" to Question 1, Question 2, Question 3, Question 4, Question 5A, Question 5B, Question 5C, Question 5D, or Question 9. Otherwise, do not answer Question 10.

## Question 10

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their damages, if any, that resulted from the conduct you have found?

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Plaintiffs. Any reduction will be made by the court.

Do not include any amount for any condition existing before the construction work in question, except to the extent, if any, that such other condition was aggravated by any conduct you have found.

Do not add any amount for interest on damages, if any.

Consider the following elements of damages, if any, and none other. You shall not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any.

Answer separately in dollars and cents for damages, if any.

10A. Reasonable and necessary cost to repair or remedy the construction defects to the residence $ 38,510

10B. Loss of use and enjoyment of the residence sustained in the past $ Ø

10C. Loss of use and enjoyment of the residence that, in reasonable probability, will be sustained in the future $ 1,000

10D. Reasonable and necessary expenses of temporary housing or relocation incurred in the past $ Ø

10E. Reasonable and necessary expenses of temporary housing or relocation that, in reasonable probability, will be incurred in the future $ 10,000

Answer Question 11 only if you answered "Yes" as to any defendant in Question 3, or "Yes" to Question 6 or Question 7. Otherwise, do not answer Question 11.

**Question 11**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for mental anguish, if any, that resulted from the conduct you have found?

You are instructed that to award mental anguish damages, the conduct found in Question 3, Question 6, or Question 7, if any, must have caused a substantial disruption in the daily routine of one or more plaintiffs, or created a high degree of mental pain and distress that is more than ordinary disappointment or concern.

Answer separately in dollars and cents for damages, if any.

| | |
|---|---|
| 11A. Chelsea Angelocci – Mental anguish sustained in the past | $ 10,000 |
| 11B. Chelsea Angelocci – Mental anguish that, in reasonable probability, will be sustained in the future | $ Ø |
| 11C. Thomas Franklin Sellers – Mental anguish sustained in the past | $ 10,000 |
| 11D. Thomas Franklin Sellers – Mental anguish that, in reasonable probability, will be sustained in the future | $ Ø |

Answer Question 12 regarding a defendant only if you unanimously answered "Yes" to Question 3 or Question 4 regarding that defendant. Otherwise, do not answer Question 12 regarding that defendant.

To answer "Yes" to any part of Question 12, your answer must be unanimous. You may answer "No" to any part of Question 12 only upon a vote of five or more jurors. Otherwise, you must not answer that part of Question 12.

**Question 12**

Do you find by clear and convincing evidence that the harm to Plaintiffs resulted from fraud or gross negligence by any of the following?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Gross negligence" means an act or omission by the defendant —

1. which when viewed objectively from the standpoint of the defendant at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
2. of which the defendant has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

You are further instructed that Perez Remodeling FTW, LLC may be grossly negligent because of an act or omission by Caroline Lopez-Perez or Eliaser Perez Jr. if, but only if, Caroline Lopez-Perez or Eliaser Perez Jr. was acting in a managerial capacity for Perez Remodeling FTW, LLC and within the scope of that managerial capacity, or Perez Remodeling FTW, LLC authorized, ratified, or approved the act or omission.

Answer "Yes" or "No" for each of the following:

Perez Remodeling FTW, LLC: _______________

Caroline Lopez-Perez: _______________

Eliaser Perez Jr.: _______________

Answer Question 13 regarding a defendant only if you unanimously answered "Yes" to Question 12 regarding that defendant. Otherwise, do not answer Question 13 regarding that defendant.

You must unanimously agree on the amount of any award of exemplary damages.

**Question 13**

What sum of money, if any, if paid now in cash, should be assessed against each defendant and awarded to Plaintiffs as exemplary damages, if any, for the conduct found in response to Question 12?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are:

1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of the defendant.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.
6. The net worth of the defendant.

Answer separately in dollars and cents, if any.

Perez Remodeling FTW, LLC: $______________

Caroline Lopez-Perez: $______________

Answer Question 14 only if you unanimously answered “Yes” to Question 6 or Question 7. Otherwise, do not answer Question 14.

To answer Question 14, your answer must be unanimous. You must unanimously agree on the amount of any award of additional damages.

**Question 14**

What sum of money, if any, in addition to actual damages, should be awarded to Plaintiffs against Perez Remodeling FTW, LLC because Perez Remodeling FTW, LLC’s conduct was committed knowingly or intentionally?

Factors to consider in awarding additional damages, if any, are:

1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of Perez Remodeling FTW, LLC.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.
6. The net worth of Perez Remodeling FTW, LLC.

Answer in dollars and cents, if any.

Answer: $ 25,000

Answer Question 15 only if you answered “Yes” to Question 1, Question 2, or Question 5A, Question 5B, Question 5C, or Question 5D. Otherwise, do not answer Question 15.

**Question 15**

What is a reasonable fee for the necessary services of Plaintiffs’ attorneys, stated in dollars and cents?

Factors to consider in determining a reasonable fee include —

1. the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
2. the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
3. the fee customarily charged in the locality for similar legal services;
4. the amount involved and the results obtained;
5. the time limitations imposed by the client or by the circumstances;
6. the nature and length of the professional relationship with the client;

7. the experience, reputation, and ability of the lawyer or lawyers performing the services; and
8. whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Answer in dollars and cents.

1. For representation through trial and the completion of proceedings in the trial court.

Answer: $40,000

2. For representation through appeal to the court of appeals.

Answer: $0.00

3. For representation at the petition for review stage in the Supreme Court of Texas.

Answer: $0.00

4. For representation at the merits briefing stage in the Supreme Court of Texas.

Answer: $0.00

5. For representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

Answer: $0.00

## Question 16

Was Perez Remodeling FTW, LLC's letter of May 30, 2025, a reasonable written offer of settlement to Plaintiffs?

Answer "Yes" or "No."

Answer: NO

Was Perez Remodeling FTW, LLC's letter of May 14, 2026, a reasonable written offer of settlement to Plaintiffs?

Answer "Yes" or "No."

Answer: NO

Was Perez Remodeling FTW, LLC's letter of April 29, 2026, a reasonable written offer of settlement to Plaintiffs?

Answer "Yes" or "No."

Answer: NO

**Presiding Juror:**

1. When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2. The presiding juror has these duties:

a. have the complete charge read aloud if it will be helpful to your deliberations;
b. preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;
c. give written questions or comments to the bailiff who will give them to the judge;
d. write down the answers you agree on;
e. get the signatures for the verdict certificate; and
f. notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

**Instructions for Signing the Verdict Certificate:**

1. Where indicated, you may answer a question on a vote of 5 jurors. The same 5 jurors must agree on every answer in the charge. This means you may not have one group of 5 jurors agree on one answer and a different group of 5 jurors agree on another answer. Some questions may require a unanimous vote. If that is the case, all 6 of you must agree on such answer.

2. If all 6 of you agree on every answer, you are unanimous and only the presiding juror signs the verdict. If 5 jurors agree on every answer, those 5 jurors sign the verdict.

3. All jurors should deliberate on every question. You may end up with all 6 of you agreeing on some answers, while only 5 of you agree on other answers. But when you sign the verdict, only those 5 who agree on every answer will sign the verdict.

Do you understand these instructions? If you do not, please tell me now.

June 4, 2026

Judge Presiding

## Verdict Certificate

Check one:

______ Our verdict is unanimous. All six of us have agreed to each and every answer. The presiding juror has signed the certificate for all six of us.

______________________________
Presiding Juror

______________________________
Printed Name of Presiding Juror

_✓_ Our verdict is not unanimous. Five of us have agreed to each and every answer except any answer for which the charge requires unanimity, and those five jurors have signed the certificate below.

| | Jurors' Signatures | Jurors' Printed Names |
|---|---|---|
| 1. | [signature] | Sarah Russell |
| 2. | [signature] | RAYMOND L. PEREZ |
| 3. | [signature] | James Redford |
| 4. | [signature] | Ana Garcia |
| 5. | [signature] | Angelica Anaya |

If you answered Question 12, Question 13, or Question 14, then you must sign this certificate also.

## Additional Certificate

I certify that the jury was unanimous in answering Question 12 and Question 13 as to each defendant for whom exemplary damages were awarded, and in answering Question 6, Question 7, and Question 14 if additional damages were awarded under Question 14. All six of us agreed to each such answer. The presiding juror has signed the certificate for all six of us.

Answer "yes" or "no" for each of the following:

Question No. 6: yes

Question No. 7: yes

Question No. 12: ______________

Question No. 13: ______________

Question No. 14: yes

SRussell
Signature of Presiding Juror

Sarah Russell
Printed Name of Presiding Juror

# B

**COUNTY COURT AT LAW NO. 1**
**TARRANT COUNTY, TEXAS**

| | |
|---|---|
| CHELSEA ANGELOCCI AND<br>THOMAS FRANKLIN SELLERS<br>*PLAINTIFFS*,<br><br>V.<br><br>PEREZ REMODELING FTW, LLC,<br>CAROLINE LOPEZ-PEREZ, AND<br>ELIASAR PEREZ, JR.<br>*DEFENDANTS*. | CAUSE NO. 2025-0004200-1 |

# PLAINTIFFS' MOTION FOR JUDGMENT

Plaintiffs Chelsea Angelocci and Thomas Franklin Sellers, ask the Court to sign a judgment based on the jury's findings and respectfully show the Court as follows:

1. Plaintiffs, Chelsea Angelocci and Thomas Franklin Sellers, sued defendants for Breach of Contract, Breach of Express & Implied Warranties, Violation of the Residential Construction Liability Act & Negligence, Common Law Fraud in the Inducement, Negligent Misrepresentation and Deceptive Trade Practices Act damages.

2. After a trial on the merits, the Court submitted this case to the jury. Plaintiffs attach as Exhibit A (incorporated as an Exhibit to the Judgment, attached as Exhibit 1) the questions the jury considered and its answers.

3. The jury's findings entitle Plaintiffs to a judgment against Defendants Perez Remodeling FTW, LLC, Caroline Lopez-Perez, and Eliasar Perez, Jr..

4. Plaintiffs elect their remedies to recover under the DTPA against Perez Remodeling FTW, LLC and Caroline Lopez-Perez, and under fraud against Eliaser Perez Jr. Plaintiffs do not seek judgment on negligence findings.

5. The jury found that Perez Remodeling FTW, LLC engaged in false, misleading, or deceptive acts or practices that Plaintiffs relied on to their detriment and that were a producing cause of damages to Plaintiffs. The jury further found that Perez Remodeling FTW, LLC engaged in that conduct knowingly and intentionally.

6. The jury unanimously awarded Plaintiffs $25,000.00 in additional damages against Perez Remodeling FTW, LLC because Perez Remodeling FTW, LLC's conduct was committed knowingly or intentionally.

7. The jury awarded Plaintiffs $40,000.00 in reasonable and necessary attorney's fees for representation through trial and completion of proceedings in the trial court.

8. The jury found that Caroline Lopez-Perez is responsible for the conduct of Perez Remodeling FTW, LLC because she caused Perez Remodeling FTW, LLC to be used for the purpose of perpetrating, and Perez Remodeling FTW, LLC did perpetrate, actual fraud on Plaintiffs primarily for Caroline Lopez-Perez's direct personal benefit. Based on that finding, Caroline Lopez-Perez is personally liable for the full judgment entered against Perez Remodeling FTW, LLC.

9. The jury also found that Perez Remodeling FTW, LLC, Caroline Lopez-Perez, and Eliaser Perez Jr. committed fraud against Plaintiffs. Plaintiffs request that the Judgment expressly recite the fraud findings because those findings are an independent basis for judgment against Eliaser Perez Jr. and are essential to the judgment.

10. The Court should sign a judgment for the following:

a) Plaintiffs Chelsea Angelocci and Thomas Franklin Sellers against Perez Remodeling FTW, LLC and Caroline Lopez-Perez, jointly and severally, for the sum of $49,510.00 in economic damages, $20,000.00 in mental anguish damages, $25,000.00 in DTPA additional damages, and $40,000.00 in attorney's fees, for a total of $134,510.00, plus prejudgment interest on $38,510.00 at the annual rate of 6.75% in the sum of $2,613.67

through June 7, 2026, plus applicable per diem of $7.12 after June 7, 2026 through the date immediately preceding the signing of judgment, post judgment interest on the total sum at the annual rate of 6.75%, compounded annually, and court costs.

b) Plaintiffs Chelsea Angelocci and Thomas Franklin Sellers against Eliaser Perez Jr. for fraud damages based on the jury's fraud finding in Question 3, including $49,510.00 in economic damages and $20,000.00 in mental anguish damages, for a total of $69,510.00 in actual damages, plus prejudgment interest on $38,510.00 at the annual rate of 6.75% in the sum of $2,613.67 through June 7, 2026, plus applicable per diem of $7.12 after June 7, 2026 through the date immediately preceding the signing of judgment, post judgment interest on the total sum at the annual rate of 6.75%, compounded annually, and court costs.

c) Plaintiffs are entitled to only one satisfaction of the compensatory damages awarded for the same injury. Any payment toward the compensatory damages awarded against any Defendant shall be credited against the compensatory damages owed by the other Defendants for the same injury. This one-satisfaction limitation does not reduce the separate DTPA additional damages, attorney's fees, taxable court costs, prejudgment interest, or post judgment interest awarded against Perez Remodeling FTW, LLC and Caroline Lopez-Perez.

11. The proposed Judgment expressly recites the specific fraud findings, the DTPA knowing and intentional conduct findings, and the actual-fraud veil-piercing finding because those findings were actually litigated, necessarily decided, and essential to the judgment.

**PRAYER**

For these reasons, Plaintiffs asks the Court to sign a judgment, attached as Exhibit 1.

Respectfully submitted June 9, 2026:

| | |
|---|---|
| | /s/ Frank Sellers |
| | Texas Bar No. 24080305 |
| **Sellers Law Firm, PC** | frank@sellerstriallaw.com |
| 1612 Summit Ave., Suite 200 | /s/ Dustin G. Hoffman |
| Fort Worth, Texas 76102 | Texas Bar No. 24120896 |
| P: 817.928.4222 | dustin@sellerstriallaw.com |
| F: 817.385.6715 | /s/ McCall Hoops |
| | Texas Bar No. 24149967 |
| | mccall@sellerstriallaw.com |

**Attorneys for Plaintiffs**
**Chelsea Angelocci and Thomas Franklin Sellers**

## Certificate of Service

I hereby certify that on June 9, 2026, I electronically filed the above pleading with the Clerk of Court and served the same on opposing counsel using the State's efile system.

/s/ Frank Sellers

# 1

## Final Judgment

**COUNTY COURT AT LAW NO. 1**
**TARRANT COUNTY, TEXAS**

| | |
|---|---|
| CHELSEA ANGELOCCI AND<br>THOMAS FRANKLIN SELLERS<br>*PLAINTIFFS*,<br><br>V.<br><br>PEREZ REMODELING FTW, LLC,<br>CAROLINE LOPEZ-PEREZ, AND<br>ELIASAR PEREZ, JR.<br>*DEFENDANTS*. | CAUSE NO. 2025-0004200-1 |

# FINAL JUDGMENT

On June 1, 2026, this case was called for trial. Plaintiffs Chelsea Angelocci and Thomas Franklin Sellers appeared through their counsel and announced ready for trial. Defendants Perez Remodeling FTW, LLC, Caroline Lopez-Perez, and Eliasar Perez, Jr. appeared through their counsel and announced ready for trial.

The Court determined that it had jurisdiction over the parties and subject matter of this case.

After a jury was impaneled and sworn, it heard evidence and arguments of counsel. In response to questions submitted to it, the jury made findings that the Court received, filed and entered of record. The questions submitted to the jury and the jury's findings are attached as Exhibit A and incorporated by reference.

The case was submitted to the jury, which returned its verdict. The jury certified unanimity as required for Question 6, Question 7, and Question 14, regarding knowing conduct, intentional conduct, and DTPA additional damages.

Plaintiffs elect their remedies to recover under the DTPA against Perez Remodeling FTW, LLC and Caroline Lopez-Perez, and under fraud against Eliaser Perez Jr. This Judgment does not award recovery on negligence findings.

The Court, having received the verdict and applied the law to the jury's answers, renders judgment as follows.

**LIABILITY — DTPA**

Pursuant to the jury's response to questions in the Court's Charge, the Court finds:

1. Perez Remodeling FTW, LLC engaged in false, misleading, or deceptive acts or practices that Plaintiffs relied on to their detriment and that were a producing cause of damages to Plaintiffs.

2. Specifically, the jury was instructed that Plaintiffs alleged the following false, misleading, or deceptive acts or practices:

   a. That Jorge Barrios would fabricate and install the cabinets;

   b. That if Jorge Barrios did not fabricate and install the cabinets, the cabinet fabrication and installation would be of equal quality to Barrios's work;

   c. That Perez Remodeling was fully licensed and insured; that Perez Remodeling would carry a liability policy of not less than $1 million during the work at 3812 W. 4th Street;

   d. That Perez Remodeling would pull all necessary permits before completing the kitchen remodel at 3812 W. 4th Street; and

   e. That Perez Remodeling would perform the work in compliance with all applicable laws, trade standards, and codes.

3. The jury found Perez Remodeling FTW, LLC did engage in the false, misleading, or deceiptive act(s) and practice(s) by answering "Yes" to Question 5A, misrepresenting the characteristics, uses, or benefits of services; Question 5B, misrepresenting the

standard, quality, or grade of services; Question 5C, misrepresenting the rights or obligations conferred by the agreement; and Question 5D, failing to disclose information. Perez Remodeling FTW, LLC misrepresented characteristics, uses, or benefits of services.

4. Perez Remodeling FTW, LLC engaged in such conduct knowingly, meaning Perez Remodeling FTW, LLC acted with actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question.

5. Perez Remodeling FTW, LLC engaged in such conduct intentionally, meaning Perez Remodeling FTW, LLC acted with actual awareness of the falsity, deception, or unfairness of the conduct in question, coupled with the specific intent that Plaintiffs act in detrimental reliance on the falsity or deception.

6. The DTPA conduct found by the jury was committed knowingly and intentionally and was based on the same fraudulent course of conduct found by the jury in response to Question 3.

**LIABILITY — FRAUD**

7. The jury found that Perez Remodeling FTW, LLC, Caroline Lopez-Perez, and Eliaser Perez Jr. each committed fraud against Plaintiffs.

8. The fraud findings against Perez Remodeling FTW, LLC, Caroline Lopez-Perez, and Eliaser Perez Jr. are essential to this Judgment.

9. The jury found that Perez Remodeling FTW, LLC, Caroline Lopez-Perez, and Eliaser Perez Jr. committed fraud against Plaintiffs by doing one or more of the following:

a. Falsely representing that Perez Remodeling FTW, LLC carried general liability insurance with limits of not less than $1,000,000 per occurrence;

b. Falsely representing that Jorge "George" Barrios would fabricate and install the cabinetry, or by failing to disclose that another cabinetmaker would be substituted for Mr. Barrios;

c. Falsely representing that Perez Remodeling FTW, LLC works with many cabinetmakers, and any substituted cabinetmakers used on the project at 3812 W. 4th Street would be of equal or better quality than those made by Jorge "George" Barrios;

d. Falsely representing that the substituted cabinetmaker would produce work equal in quality or better to the work of Mr. Barrios;

e. Falsely representing that the electrical and plumbing work would be safe and code-compliant;

f. Falsely representing that Perez Remodeling FTW, LLC would pull all necessary permits and comply with all applicable laws, codes, and trade standards; or

g. Falsely representing that Perez Remodeling FTW, LLC would use licensed plumbers and electricians who were employees of Perez Remodeling FTW, LLC.

10. The fraud found by the jury means that each of Perez Remodeling FTW, LLC, Caroline Lopez-Perez, and Eliaser Perez Jr. made a material misrepresentation; the misrepresentation was made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion; the misrepresentation was made with the intention that it should be acted on by Plaintiffs; and Plaintiffs acted in reliance on the misrepresentation and thereby suffered injury.

11. The fraud findings were actually litigated, necessarily decided by the jury, and essential to this Judgment.

12. Eliaser Perez Jr.'s personal liability arises from the jury's finding that he personally committed fraud against Plaintiffs. The fraud finding against Eliaser Perez Jr. is essential to this Judgment.

## VEIL-PIERCING AND PERSONAL LIABILITY OF CAROLINE LOPEZ-PEREZ

13. The jury found that Caroline Lopez-Perez is responsible for the conduct of Perez Remodeling FTW, LLC found by the jury in response to Question 5.

14. The jury found that Caroline Lopez-Perez caused Perez Remodeling FTW, LLC to be used for the purpose of perpetrating, and Perez Remodeling FTW, LLC did perpetrate, an actual fraud on Plaintiffs primarily for Caroline Lopez-Perez's direct personal benefit.

15. The jury was instructed that "actual fraud" in Question 9 involves dishonesty of purpose or intent to deceive.

16. Based on the jury's finding in Question 9, Caroline Lopez-Perez is personally liable for the conduct, obligations, and judgment debt of Perez Remodeling FTW, LLC to Plaintiffs.

17. Caroline Lopez-Perez is personally liable, jointly and severally with Perez Remodeling FTW, LLC, for the full amount of the judgment entered against Perez Remodeling FTW, LLC, including actual damages, DTPA additional damages, attorney's fees, prejudgment interest, post-judgment interest, and court costs.

18. Caroline Lopez-Perez's personal liability arises from actual fraud committed for her direct personal benefit, as found by the jury in Question 9. That finding was actually litigated, necessarily decided by the jury, and essential to this Judgment.

## ACTUAL DAMAGES

19. Plaintiffs suffered the following economic damages:

| | | |
|---|---|---|
| Reasonable and necessary cost to repair or remedy the construction defects to the residence: | $38,510.00 | |
| Loss of use and enjoyment of the residence that, in reasonable probability, will be sustained in the future: | $1,000.00 | |
| Reasonable and necessary expenses of temporary housing or relocation that, in reasonable probability, will be incurred in the future: | $10,000.00 | |
| **Total Economic Damages** | | **$49,510.00** |

20. Plaintiffs suffered the following mental anguish damages:

| | | |
|---|---|---|
| Chelsea Angelocci — mental anguish sustained in the past: | $10,000.00 | |
| Chelsea Angelocci — mental anguish that, in reasonable probability, will be sustained in the future: | $0.00 | |
| Thomas Franklin Sellers — mental anguish sustained in the past: | $10,000.00 | |
| Thomas Franklin Sellers — mental anguish that, in reasonable probability, will be sustained in the future: | $0.00 | |
| **Total Non-Economic Damages** | | **$20,000.00** |

23. Plaintiffs' total actual damages are **$69,510.00**.

## DTPA ADDITIONAL DAMAGES

21. The jury unanimously found that $25,000.00 should be awarded to Plaintiffs against Perez Remodeling FTW, LLC in addition to actual damages because Perez Remodeling FTW, LLC's conduct was committed knowingly or intentionally.

22. The $25,000.00 in DTPA additional damages is awarded based on the jury's findings that Perez Remodeling FTW, LLC acted knowingly and intentionally, and based on the same fraudulent course of conduct found by the jury in Question 3.

23. The DTPA additional damages awarded in this Judgment are part of the debt arising from the fraud, intentional deception, and actual-fraud veil-piercing findings that were actually litigated, necessarily decided, and essential to this Judgment.

**ATTORNEY'S FEES**

24. The jury awarded Plaintiffs $40,000.00 as a reasonable fee for the necessary services of Plaintiffs' attorneys for representation through trial and the completion of proceedings in the trial court.

25. The attorney's fees are awarded pursuant to the DTPA because Plaintiffs are prevailing consumers.

26. The $40,000.00 attorney's-fee award is part of the judgment debt arising from the DTPA and fraud-based liability found by the jury and is essential to this Judgment.

**ELECTION OF REMEDIES**

27. Plaintiffs elect to recover under the DTPA against Perez Remodeling FTW, LLC and Caroline Lopez-Perez because that election gives Plaintiffs the greatest recovery supported by the jury's verdict.

28. Plaintiffs elect to recover against Eliaser Perez Jr. based on the jury's fraud finding in Question 3.

29. Plaintiffs do not elect recovery based on negligence, and this Judgment does not award recovery on negligence findings.

**JUDGMENT AGAINST
PEREZ REMODELING FTW, LLC AND CAROLINE LOPEZ-PEREZ**

It is, therefore, **ORDERED, ADJUDGED, and DECREED** that Plaintiffs Chelsea Angelocci and Thomas Franklin Sellers recover from Defendants Perez Remodeling FTW, LLC and Caroline Lopez-Perez, jointly and severally, the following:

- Actual economic damages: $49,510.00
- Mental anguish damages: $20,000.00
- DTPA additional damages: $25,000.00
- Attorney's fees through trial and completion of proceedings in the trial court: $40,000.00
- Total before prejudgment interest and costs: $134,510.00

**JUDGMENT AGAINST ELIASER PEREZ JR.**

It is further **ORDERED, ADJUDGED, and DECREED** that Plaintiffs Chelsea Angelocci and Thomas Franklin Sellers recover from Defendant Eliaser Perez Jr. actual damages for fraud in the amount of $69,510.00, plus prejudgment interest, postjudgment interest, and court costs as awarded below.

**ONE SATISFACTION**

Plaintiffs are entitled to only one satisfaction of the compensatory damages awarded for the same injury. Any payment toward the compensatory damages awarded against any Defendant shall be credited against the compensatory damages owed by the other Defendants for the same injury.

This one-satisfaction limitation does not reduce the separate DTPA additional damages, attorney's fees, taxable court costs, prejudgment interest, or postjudgment interest awarded against Perez Remodeling FTW, LLC and Caroline Lopez-Perez.

**PREJUDGMENT INTEREST**

Prejudgment interest is awarded to Plaintiffs on past repair/remedy economic damages of $38,510.00 at the rate of 6.75% per annum, as provided by Texas Finance Code §§ 304.003 and 304.103, calculated as simple interest pursuant to § 304.104 from June 5, 2025 through the date immediately preceding the signing of this Judgment.

Prejudgment interest is awarded to Plaintiffs on past repair/remedy economic damages of $38,510.00 at the rate of 6.75% per annum, calculated as simple interest from June 5, 2025 through the date immediately preceding the signing of this Judgment.

As of the date immediately preceding the signing of this Judgment, the prejudgment-interest period is ______ days. Prejudgment interest is therefore awarded in the amount of $____________ (calculated as follows: $38,510.00 × 0.0675 ÷ 365 × ______ days).

No prejudgment interest is awarded on future damages, mental anguish damages, DTPA additional damages, attorney's fees, or court costs.

**POSTJUDGMENT INTEREST**

Plaintiffs recover post-judgment interest at the rate of 6.75% per annum, compounded annually, on all amounts awarded in this Judgment, including actual damages, DTPA additional damages, attorney's fees, prejudgment interest through the date immediately preceding the signing of this Judgment, and court costs, from the date this Judgment is signed until paid.

## COSTS

Costs of court are taxed against Defendants Perez Remodeling FTW, LLC, Caroline Lopez-Perez, and Eliaser Perez Jr.

## FINALITY

This Judgment finally disposes of all parties and all claims and is appealable. All relief not expressly granted in this Judgment is denied.

SIGNED this ____ day of __________________, 2026.

______________________________
HON. DON PIERSON
JUDGE PRESIDING

# A

**Signed Jury Verdict**

6-4-26 ✓

**County Court at Law No. 1**
**Tarrant County, Texas**

| | |
|---|---|
| **Chelsea Angelocci and Thomas Franklin Sellers,** *Plaintiffs,* | |
| v. | **Cause No. 2025-0004200-1** |
| **Perez Remodeling FTW, LLC, Caroline Lopez-Perez, and Eliaser Perez Jr.,** *Defendants.* | |

## COURT'S CHARGE TO THE JURY

Members of the Jury:

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason.

Here are the instructions for answering the questions.

1. Do not let bias, prejudice, or sympathy play any part in your decision.
2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.
3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.
4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.
5. All the questions and answers are important. No one should say that any question or answer is not important.
6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

The term “preponderance of the evidence” means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a “yes” answer, then answer “no.” A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

Some of the questions in this charge ask you to answer based on “clear and convincing evidence.” That phrase means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established. The instructions for those questions will tell you so.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.
8. Do not answer questions by drawing straws or by any method of chance.
9. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror’s amount and then figuring the average.
10. Do not trade your answer to one question for someone else’s answer to another question.
11. Unless otherwise instructed, the answers to the questions must be based on the decision of at least five of the six jurors. The same five jurors must agree on every answer. Do not agree to be bound by a vote of anything less than five jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties’ money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## Definitions

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Producing cause" means a cause that was a substantial factor in bringing about the injury, harm, or damages, if any, and without which the injury, harm, or damages would not have occurred. There may be more than one producing cause.

"Construction defect" means a matter concerning the design, construction, or repair of a residence, of an alteration of or repair or addition to an existing residence, or of an appurtenance to a residence, on which a person has a complaint against a contractor. The term may include any physical damage to the residence, any appurtenance, or the real property on which the residence and appurtenance are affixed proximately caused by a construction defect.

"Knowingly" means actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim. Actual awareness may be inferred when objective manifestations indicate that a person acted with actual awareness.

A "good and workmanlike manner" is that quality of work performed by one who has the knowledge, training, or experience necessary for the successful practice of a trade or occupation and performed in a manner generally considered proficient by those capable of judging such work.

## Question 1

Did Perez Remodeling FTW, LLC fail to substiantially comply with the parties' April 12, 2024 construction contract?

Substantial compliance means that the essential elements of the contract have been performed such that the work is substantially completed.

Answer "Yes" or "No."

Answer: Yes

## Question 2

Did Perez Remodeling FTW, LLC fail to comply with an express warranty given to Plaintiffs?

An "express warranty" is created when —

1. a party makes an affirmation of fact or promise that relates to the goods or services and becomes part of the basis of the bargain; and
2. the goods or services do not conform to the affirmation or promise.

Plaintiffs allege Perez Remodeling FTW, LLC made the following express warranties:

1. Jorge Barrios would fabricate and install the cabinets;
2. If not Jorge Barrios, the cabinet fabrication and installation would be of equal quality to that of Barrios;
3. Perez Remodeling FTW, LLC, works with many cabinetmakers, and any they use are of at least equal standard, quality, or grade to that of Jorge Barrios;
4. Time was of the essence, and the work would be completed on or before September 6, 2024;
5. That the kitchen remodel done at 3812 W. 4th Street would be done in a good and workmanlike manner;
6. That Perez Remodeling was fully licensed and insured;
7. That Perez Remodeling would carry a not less than $1 Million liability policy during the time the work was complted at 3812 W. 4th Street;
8. That Perez Remodeling would pull all necessary permits prior to completing the kitchen remodel at 3812 W. 4th Street;
9. That Perez Remodeling would perform work in compliance with all applicable laws, trade standards, and codes; or
10. That Perez Remodeling would "At the completion of the Work . . . remove all waste materials, rubbish and debris from and about the Property as well as all tools, appliances, construction equipment and machinery, and surplus materials, and shall leave the Property clean and ready for occupancy by Client."

You need not all agree on the same express warranty, but to vote yes you must believe Defendant failed to comply with at least one of the express warranties.

Answer "Yes" or "No."

Answer: Yes

**Question 3**

Did any of those named below commit fraud against Plaintiffs by doing any of the following:

1. Representing that Perez Remodeling FTW, LLC carried general liability insurance with limits of not less than $1,000,000 per occurrence;
2. Representing that Jorge "George" Barrios would fabricate and install the cabinetry, or by failing to disclose that another cabinetmaker would be substituted for Mr. Barrios;
3. Representing that Perez Remodeling FTW, LLC works with many cabinetmakers, and any the substituted cabinetmakers they use on the project at 3812 W. 4th Street would be of equal or better quality than those made by Jorge "George" Barrios;
4. Representing that the substituted cabinetmaker would produce work equal in quality or better to the work of Mr. Barrios;
5. Representing that the electrical and plumbing work would be safe and code-compliant;
6. Representing that Perez Remodeling FTW, LLC would pull all necessary permits, and comply with all applicable laws, codes, and trade standards; or
7. Representing that Perez Remodeling FTW, LLC would use licensed plumbers and electricians who were employees of Perez Remodeling FTW, LCC.

You need not all agree on the same representation, but to vote yes you must believe Defendant failed to comply with at least one of the representations above.

"Fraud" occurs when —

1. a party makes a material misrepresentation,
2. the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion,
3. the misrepresentation is made with the intention that it should be acted on by the other party, and
4. the other party acts in reliance on the misrepresentation and thereby suffers injury.

"Misrepresentation" means —

1. a false statement of fact;
2. a promise of future performance made with an intent, at the time the promise was made, not to perform as promised;
3. a statement of opinion based on a false statement of fact;
4. a statement of opinion that the maker knows to be false; or
5. an expression of opinion that is false, made by one claiming or implying to have special knowledge of the subject matter of the opinion. "Special knowledge" means knowledge or information superior to that possessed by the other party and to which the other party did not have equal access.

Answer "Yes" or "No" for each of the following:

Perez Remodeling FTW, LLC: yes

Caroline Lopez-Perez: yes

Eliaser Perez Jr.: yes

## Question 4

Did the negligence, if any, of those named below proximately cause damages to Plaintiffs' residence?

To answer yes, you must find find that:

1. The construction defect existed at the time of completion of the construction, alteration, or repair; and

2. The damages were proximately caused by the construction defect

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Answer "Yes" or "No" for each of the following:

Perez Remodeling FTW, LLC: Yes

Caroline Lopez-Perez: Yes

Eliaser Perez Jr.: Yes

Chelsea Angelocci: Yes

Thomas Franklin Sellers: Yes

**Question 5**

Did Perez Remodeling FTW, LLC engage in any false, misleading, or deceptive act or practice that Plaintiffs relied on to their detriment and that was a producing cause of damages to Plaintiffs?

"False, misleading, or deceptive act or practice" means any one of the following:

1. representing that goods or services have characteristics, uses, or benefits they do not have;
2. representing that goods or services are of a particular standard, quality, or grade if they are of another;
3. representing that an agreement confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law; or
4. failing to disclose information about goods or services that was known at the time of the transaction with the intent to induce the consumer into a transaction the consumer would not have entered into had the information been disclosed.

Here, Plaintiffs allege the following false, misleading, or deceptive act or practice:

1. Jorge Barrios would fabricate and install the cabinets;
2. If not Jorge Barrios, the cabinet fabrication and installation would be of equal quality to that of Barrios;
3. That Perez Remodeling was fully licensed and insured;
4. That Perez Remodeling would carry a not less than $1 Million liability policy during the time the work was complted at 3812 W. 4th Street;
5. That Perez Remodeling would pull all necessary permits prior to completing the kitchen remodel at 3812 W. 4th Street; or
6. That Perez Remodeling would perform work in compliance with all applicable laws, trade standards, and codes.

You need not all agree on the same false, misleading, or deceptive act or practice, but to vote yes you must believe Defendant engaged in one or more of the false, misleading, or deceptive act(s) or practice(s).

Answer "Yes" or "No" for each of the following acts or practices:

5A. Misrepresenting characteristics, uses, or benefits of services: yes

5B. Misrepresenting the standard, quality, or grade of services: yes

5C. Misrepresenting the rights or obligations conferred by the agreement: yes

5D. Failing to disclose information: yes

Answer Question 6 only if you answered "Yes" to Question 5A, Question 5B, Question 5C, or Question 5D. Otherwise, do not answer Question 6.

**Question 6**

Did Perez Remodeling FTW, LLC engage in any such conduct knowingly?

"Knowingly" means actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

In answering this question, consider only the conduct that you have found was a producing cause of damages to Plaintiffs.

Answer "Yes" or "No."

Answer: yes

Answer Question 7 only if you answered "Yes" to Question 5A, Question 5B, Question 5C, or Question 5D. Otherwise, do not answer Question 7.

**Question 7**

Did Perez Remodeling FTW, LLC engage in any such conduct intentionally?

"Intentionally" means actual awareness of the falsity, deception, or unfairness of the conduct in question, coupled with the specific intent that Plaintiffs act in detrimental reliance on the falsity or deception. Specific intent may be inferred where objective manifestations indicate that a person acted intentionally.

In answering this question, consider only the conduct that you have found was a producing cause of damages to Plaintiffs.

Answer "Yes" or "No."

Answer: yes

Answer Question 8 only if you answered "Yes" as to more than one person or entity in response to Question 4. Otherwise, do not answer Question 8.

**Question 8**

For this question, consider only the conduct of those persons or entities, if any, that you found to be a proximate cause of damages in Question 4.

Assign percentages of responsibility only to those you found caused or contributed to cause damages. The percentages you assign must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one of those listed below is not necessarily measured by the number of acts or omissions found.

Answer in percentages.

Perez Remodeling FTW, LLC: 80 %

Caroline Lopez-Perez: 5 %

Eliaser Perez Jr.: 5 %

Chelsea Angelocci: 5 %

Thomas Franklin Sellers: 5 %

**Total: 100%**

Answer Question 9 only if you answered "Yes" as to Perez Remodeling FTW, LLC in Question 5A, Question 5B, Question 5C, or Question 5D. Otherwise, do not answer Question 9.

**Question 9**

Is Caroline Lopez-Perez responsible for the conduct of Perez Remodeling FTW, LLC found by you in response to Question 5?

Caroline Lopez-Perez is "responsible" for the conduct of Perez Remodeling FTW, LLC if that person caused Perez Remodeling FTW, LLC to be used for the purpose of perpetrating, and Perez Remodeling FTW, LLC did perpetrate, an actual fraud on Plaintiffs primarily for the direct personal benefit of that person.

"Actual fraud" in this question involves dishonesty of purpose or intent to deceive.

Answer "Yes" or "No" for each of the following:

Caroline Lopez-Perez: yes

Answer Question 10 only if you answered "Yes" to Question 1, Question 2, Question 3, Question 4, Question 5A, Question 5B, Question 5C, Question 5D, or Question 9. Otherwise, do not answer Question 10.

**Question 10**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their damages, if any, that resulted from the conduct you have found?

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Plaintiffs. Any reduction will be made by the court.

Do not include any amount for any condition existing before the construction work in question, except to the extent, if any, that such other condition was aggravated by any conduct you have found.

Do not add any amount for interest on damages, if any.

Consider the following elements of damages, if any, and none other. You shall not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any.

Answer separately in dollars and cents for damages, if any.

10A. Reasonable and necessary cost to repair or remedy the construction defects to the residence $ 38,510

10B. Loss of use and enjoyment of the residence sustained in the past $ Ø

10C. Loss of use and enjoyment of the residence that, in reasonable probability, will be sustained in the future $ 1,000

10D. Reasonable and necessary expenses of temporary housing or relocation incurred in the past $ Ø

10E. Reasonable and necessary expenses of temporary housing or relocation that, in reasonable probability, will be incurred in the future $ 10,000

Answer Question 11 only if you answered “Yes” as to any defendant in Question 3, or “Yes” to Question 6 or Question 7. Otherwise, do not answer Question 11.

**Question 11**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for mental anguish, if any, that resulted from the conduct you have found?

You are instructed that to award mental anguish damages, the conduct found in Question 3, Question 6, or Question 7, if any, must have caused a substantial disruption in the daily routine of one or more plaintiffs, or created a high degree of mental pain and distress that is more than ordinary disappointment or concern.

Answer separately in dollars and cents for damages, if any.

11A. Chelsea Angelocci – Mental anguish sustained in the past $ 10,000

11B. Chelsea Angelocci – Mental anguish that, in reasonable probability, will be sustained in the future $ Ø

11C. Thomas Franklin Sellers – Mental anguish sustained in the past $ 10,000

11D. Thomas Franklin Sellers – Mental anguish that, in reasonable probability, will be sustained in the future $ Ø

Answer Question 12 regarding a defendant only if you unanimously answered "Yes" to Question 3 or Question 4 regarding that defendant. Otherwise, do not answer Question 12 regarding that defendant.

To answer "Yes" to any part of Question 12, your answer must be unanimous. You may answer "No" to any part of Question 12 only upon a vote of five or more jurors. Otherwise, you must not answer that part of Question 12.

**Question 12**

Do you find by clear and convincing evidence that the harm to Plaintiffs resulted from fraud or gross negligence by any of the following?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Gross negligence" means an act or omission by the defendant —

1. which when viewed objectively from the standpoint of the defendant at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
2. of which the defendant has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

You are further instructed that Perez Remodeling FTW, LLC may be grossly negligent because of an act or omission by Caroline Lopez-Perez or Eliaser Perez Jr. if, but only if, Caroline Lopez-Perez or Eliaser Perez Jr. was acting in a managerial capacity for Perez Remodeling FTW, LLC and within the scope of that managerial capacity, or Perez Remodeling FTW, LLC authorized, ratified, or approved the act or omission.

Answer "Yes" or "No" for each of the following:

Perez Remodeling FTW, LLC: _______________

Caroline Lopez-Perez: _______________

Eliaser Perez Jr.: _______________

Answer Question 13 regarding a defendant only if you unanimously answered "Yes" to Question 12 regarding that defendant. Otherwise, do not answer Question 13 regarding that defendant.

You must unanimously agree on the amount of any award of exemplary damages.

**Question 13**

What sum of money, if any, if paid now in cash, should be assessed against each defendant and awarded to Plaintiffs as exemplary damages, if any, for the conduct found in response to Question 12?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are:

1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of the defendant.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.
6. The net worth of the defendant.

Answer separately in dollars and cents, if any.

Perez Remodeling FTW, LLC: $______________

Caroline Lopez-Perez: $______________

Answer Question 14 only if you unanimously answered "Yes" to Question 6 or Question 7. Otherwise, do not answer Question 14.

To answer Question 14, your answer must be unanimous. You must unanimously agree on the amount of any award of additional damages.

**Question 14**

What sum of money, if any, in addition to actual damages, should be awarded to Plaintiffs against Perez Remodeling FTW, LLC because Perez Remodeling FTW, LLC's conduct was committed knowingly or intentionally?

Factors to consider in awarding additional damages, if any, are:

1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of Perez Remodeling FTW, LLC.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.
6. The net worth of Perez Remodeling FTW, LLC.

Answer in dollars and cents, if any.

Answer: $ 25,000

Answer Question 15 only if you answered "Yes" to Question 1, Question 2, or Question 5A, Question 5B, Question 5C, or Question 5D. Otherwise, do not answer Question 15.

**Question 15**

What is a reasonable fee for the necessary services of Plaintiffs' attorneys, stated in dollars and cents?

Factors to consider in determining a reasonable fee include —

1. the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
2. the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
3. the fee customarily charged in the locality for similar legal services;
4. the amount involved and the results obtained;
5. the time limitations imposed by the client or by the circumstances;
6. the nature and length of the professional relationship with the client;

7. the experience, reputation, and ability of the lawyer or lawyers performing the services; and
8. whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Answer in dollars and cents.

1. For representation through trial and the completion of proceedings in the trial court.

Answer: $40,000

2. For representation through appeal to the court of appeals.

Answer: $0.00

3. For representation at the petition for review stage in the Supreme Court of Texas.

Answer: $0.00

4. For representation at the merits briefing stage in the Supreme Court of Texas.

Answer: $0.00

5. For representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

Answer: $0.00

## Question 16

Was Perez Remodeling FTW, LLC's letter of May 30, 2025, a reasonable written offer of settlement to Plaintiffs?

Answer "Yes" or "No."

Answer: NO

Was Perez Remodeling FTW, LLC's letter of May 14, 2026, a reasonable written offer of settlement to Plaintiffs?

Answer "Yes" or "No."

Answer: NO

Was Perez Remodeling FTW, LLC's letter of April 29, 2026, a reasonable written offer of settlement to Plaintiffs?

Answer "Yes" or "No."

Answer: NO

**Presiding Juror:**

1. When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2. The presiding juror has these duties:

a. have the complete charge read aloud if it will be helpful to your deliberations;
b. preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;
c. give written questions or comments to the bailiff who will give them to the judge;
d. write down the answers you agree on;
e. get the signatures for the verdict certificate; and
f. notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

**Instructions for Signing the Verdict Certificate:**

1. Where indicated, you may answer a question on a vote of 5 jurors. The same 5 jurors must agree on every answer in the charge. This means you may not have one group of 5 jurors agree on one answer and a different group of 5 jurors agree on another answer. Some questions may require a unanimous vote. If that is the case, all 6 of you must agree on such answer.

2. If all 6 of you agree on every answer, you are unanimous and only the presiding juror signs the verdict. If 5 jurors agree on every answer, those 5 jurors sign the verdict.

3. All jurors should deliberate on every question. You may end up with all 6 of you agreeing on some answers, while only 5 of you agree on other answers. But when you sign the verdict, only those 5 who agree on every answer will sign the verdict.

Do you understand these instructions? If you do not, please tell me now.

June 4, 2026

Judge Presiding

**Verdict Certificate**

Check one:

______ Our verdict is unanimous. All six of us have agreed to each and every answer. The presiding juror has signed the certificate for all six of us.

________________________________
Presiding Juror

________________________________
Printed Name of Presiding Juror

✓ Our verdict is not unanimous. Five of us have agreed to each and every answer except any answer for which the charge requires unanimity, and those five jurors have signed the certificate below.

| | Jurors' Signatures | Jurors' Printed Names |
| --- | --- | --- |
| 1. | S Russell | Sarah Russell |
| 2. | [signature] | Raymond L. Perez |
| 3. | [signature] | James Redford |
| 4. | [signature] | Ana Garcia |
| 5. | [signature] | Angelica Anaya |

If you answered Question 12, Question 13, or Question 14, then you must sign this certificate also.

## Additional Certificate

I certify that the jury was unanimous in answering Question 12 and Question 13 as to each defendant for whom exemplary damages were awarded, and in answering Question 6, Question 7, and Question 14 if additional damages were awarded under Question 14. All six of us agreed to each such answer. The presiding juror has signed the certificate for all six of us.

Answer "yes" or "no" for each of the following:

Question No. 6: yes

Question No. 7: yes

Question No. 12: ______________

Question No. 13: ______________

Question No. 14: yes

SRussell
Signature of Presiding Juror

Sarah Russell
Printed Name of Presiding Juror

# C

**COUNTY COURT AT LAW NO. 1**
**TARRANT COUNTY, TEXAS**

| | |
|---|---|
| THOMAS FRANKLIN SELLERS AND<br>CHELSEA ANGELOCCI<br>***PLAINTIFFS,***<br><br>V.<br><br>PEREZ REMODELLING FTW, LLC,<br>CAROLINE PEREZ, AND<br>ELIASER PEREZ<br>***DEFENDANTS***. | CAUSE NO. 2025-0004200-1 |

**NOTICE OF HEARING ON PLAINTIFFS' MOTION FOR JUDGMENT**

Please take notice that the pending Motion for Judgment in this case has been set for hearing on June 24, 2026, at 9:00 AM on the Docket in the Tarrant County Court at Law No. 1. This hearing will take place in person at the Tarrant County Courthouse, located at 100 W. Weatherford St. Room 490. Fort Worth, TX, 76196.

Respectfully submitted June 14, 2026:

**Sellers Law Firm, PC**
1612 Summit Ave., Suite 200
Fort Worth, Texas 76102
P: 817.928.4222
F: 817.385.6715

**/s/ Frank Sellers**
Texas Bar No. 24080305
frank@sellerstriallaw.com
**/s/ Dustin G. Hoffman**
Texas Bar No. 24120896
dustin@sellerstriallaw.com
**/s/ McCall Hoops**
Texas Bar No. 24149967
mccall@sellerstriallaw.com

**Attorneys for Plaintiffs**

## Certificate of Service

I certify that, in accordance with the Texas Rules of Civil Procedure, a true and correct copy of the foregoing document was served upon all counsel of record on June 14, 2026.

**/s/ Frank Sellers**

# D

E-FILED
TARRANT COUNTY, TEXAS
6/24/2026 8:59 AM
Mary Louise Nicholson
COUNTY CLERK
BY: CD M

**CAUSE NO. 2025-004200-1**

| | | |
|---|---|---|
| **CHELSEA ANGELOCCI and THOMAS FRANKLIN SELLERS,** | § | **IN THE COUNTY COURT** |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **AT LAW NO. 1** |
| | § | |
| **PEREZ REMODELING FTW, LLC, CAROLINE LOPEZ-PEREZ, AND ELIASER PEREZ, JR.,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | **TARRANT COUNTY, TEXAS** |

**SUGGESTION OF BANKRUPTCY**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Eliaser Perez, Jr. and Caroline Nicole Lopez-Perez (the "Defendant-Debtors"), and file this Suggestion of Bankruptcy, and would respectfully show the Court as follows:

On June 23, 2026, the Defendant-Debtors filed a joint voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, Case No. 26-42732-elm7. A copy of the Notice of Chapter 7 Bankruptcy Case is attached as Exhibit "A."

Pursuant to 11 U.S.C. § 362(a), the filing of the bankruptcy case operates as an automatic stay of the commencement or continuation of judicial, administrative, or other actions or proceedings against the individual Defendant-Debtors, including the continuation of this lawsuit against them, the entry of judgment against them, and any act to collect, assess, or recover a prepetition claim against them.

The Defendant-Debtors respectfully request that the Court take notice of the automatic stay and abate all proceedings, proposed findings, proposed judgment language, and requested relief

against the Defendant-Debtors unless and until relief from the automatic stay is granted by the Bankruptcy Court.

This Suggestion of Bankruptcy is filed by undersigned bankruptcy counsel for the limited purpose of providing notice of the Defendant-Debtors' bankruptcy filing and the automatic stay. This filing is not intended as, and should not be construed as, a general appearance by undersigned counsel as counsel of record in this state-court action, nor as a substitution for, or replacement of, existing counsel of record.

WHEREFORE, PREMISES CONSIDERED, Defendant-Debtors pray that the Court acknowledge the pendency of the Bankruptcy Case and the resulting automatic stay, abate all proceedings against the Defendant-Debtors, and grant such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

REAVES & LEE, PLLC

/s/Jon M. Reaves
Jon M. Reaves
Texas State Bar No. 24137142
E-Mail: jreaves@reaveslee.com
Christopher Marvin Lee
Texas State Bar No. 24041319
8701 Bedford Euless Road, Suite 510
Hurst, Texas 76053
(214) 440-1414 - Office
(469) 694-1059 - Facsimile

BANKRUPTCY COUNSEL FOR ELIASER PEREZ, JR. AND CAROLINE NICOLE LOPEZ-PEREZ, APPEARING FOR THE LIMITED PURPOSE OF FILING THIS NOTICE

**CERTIFICATE OF SERVICE**

I certify that on June 23, 2026, a true and correct copy of the foregoing Suggestion of Bankruptcy was served on all counsel of record listed below through the Court's electronic filing manager and, to the extent applicable, by email:

T. Franklin "Frank" Sellers
Texas Bar No. 24080305
frank@sellerstriallaw.com

Dustin G. Hoffman
Texas Bar No. 24120896
dustin@sellerstriallaw.com

McCall Hoops
Texas Bar No. 24149967
mccall@sellerstriallaw.com

SELLERS LAW FIRM, PC
1612 Summit Ave., Suite 200
Fort Worth, Texas 76102

ATTORNEYS FOR PLAINTIFF
THOMAS FRANKLIN SELLERS

Collin Ashworth
Texas Bar No. 24099660
collin@collinashworthlaw.com
2214 Park Springs Blvd.
Arlington, Texas 76013

ATTORNEY FOR PLAINTIFF
CHELSEA ANGELOCCI

Julie K. Camacho
Texas Bar No. 24032904
JCamacho@CamachoPLLC.com
CAMACHO LAW FIRM, PLLC
2525 Ridgmar Blvd., Suite 240
Fort Worth, Texas 76116

COUNSEL FOR DEFENDANTS

/s/Jon M. Reaves
Jon M. Reaves

# Exhibit "A"

**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor 1: | Eliaser Perez<br>First Name Middle Name Last Name | Social Security number or ITIN: | xxx−xx−6765 |
| | | EIN: | _ _–_ _ _ _ _ _ _ |
| Debtor 2:<br>(Spouse, if filing) | Caroline Nicole Lopez<br>First Name Middle Name Last Name | Social Security number or ITIN: | xxx−xx−5722 |
| | | EIN: | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court: | Northern District of Texas | Date case filed for chapter: | 7 6/23/26 |
| Case number: | 26−42732−elm7 | | |

Official Form 309A (For Individuals or Joint Debtors)

# Notice of Chapter 7 Bankruptcy Case −− No Proof of Claim Deadline 10/20

10/20

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| **1.** | **Debtor's full name** | Eliaser Perez | Caroline Nicole Lopez |
| **2.** | **All other names used in the last 8 years** | aka Eli Perez | |
| **3.** | **Address** | 5151 Lubbock Ave<br>Fort Worth, TX 76115 | 5151 Lubbock Ave<br>Fort Worth, TX 76115 |
| **4.** | **Debtor's attorney**<br>Name and address | Christopher Marvin Lee<br>Reaves & Lee, PLLC<br>8701 W. Bedford Euless Road<br>Suite 510<br>Hurst, TX 76053 | Contact phone 469−646−8995<br><br>Email: ecf@reaveslee.com |
| **5.** | **Bankruptcy trustee**<br>Name and address | Roddrick Newhouse<br>401 Century Pkwy<br>Unit 715<br>Allen, TX 75013 | Contact phone 469−777−6560 |

**For more information, see page 2 >**

Debtor **Eliaser Perez** and **Caroline Nicole Lopez** Case number **26−42732−elm7**

| | | |
|---|---|---|
| **6. Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | 501 W. Tenth Street<br>Fort Worth, TX 76102 | Hours open:<br>Mon.−Fri. 8:30−4:30<br><br>Contact phone 817−333−6000<br><br>Date: 6/23/26 |
| **7. Meeting of creditors**<br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **July 21, 2026 at 10:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>**Zoom video meeting. Go to Zoom.us/join, Enter Meeting ID 813 822 9351, and Passcode 9957098007, OR call 1−469−784−9078**<br><br>For additional meeting information, go to https://www.justice.gov/ust/moc |
| **8. Presumption of abuse**<br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| **9. Deadlines**<br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline:** 9/21/26 |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **10. Proof of claim**<br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **11. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jon Reaves on behalf of Jon Reaves
Bar No. 24137142
625d436a-2804-4e53-9e8f-71a0e8484d84@us.efiling.clio.com
Envelope ID: 116520897
Filing Code Description: Suggestion of Bankruptcy
Filing Description:
Status as of 6/24/2026 9:04 AM CST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Collin Ashworth | 24099660 | Collin@collinashworthlaw.com | 6/24/2026 8:59:05 AM | SENT |

Associated Case Party: Chelsea Angelocci

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Frank Sellers | | frank@sellerstriallaw.com | 6/24/2026 8:59:05 AM | SENT |
| Frank Sellers | | frank@sellerstriallaw.com | 6/24/2026 8:59:05 AM | SENT |
| Dustin Hoffman | | dustin@sellerstriallaw.com | 6/24/2026 8:59:05 AM | SENT |
| Dustin Hoffman | | dustin@sellerstriallaw.com | 6/24/2026 8:59:05 AM | SENT |

Associated Case Party: Caroline Lopez-Perez

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Julie KCamacho | | JCamacho@CamachoPLLC.com | 6/24/2026 8:59:05 AM | SENT |

Associated Case Party: Eliaser Perez Jr.

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Julie KCamacho | | JCamacho@CamachoPLLC.com | 6/24/2026 8:59:05 AM | SENT |

Associated Case Party: Perez Remodeling FTW, LLC

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| Julie Camacho | | jcamacho@camachopllc.com | 6/24/2026 8:59:05 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jon Reaves on behalf of Jon Reaves
Bar No. 24137142
625d436a-2804-4e53-9e8f-71a0e8484d84@us.efiling.clio.com
Envelope ID: 116520897
Filing Code Description: Suggestion of Bankruptcy
Filing Description:
Status as of 6/24/2026 9:04 AM CST

Associated Case Party: Perez Remodeling FTW, LLC

| | | | | |
|---|---|---|---|---|
| Julie Camacho | | jcamacho@camachopllc.com | 6/24/2026 8:59:05 AM | SENT |
| Julie Camacho | | jcamacho@camachopllc.com | 6/24/2026 8:59:05 AM | SENT |

E-FILED
TARRANT COUNTY, TEXAS
6/24/2026 8:59 AM
Mary Louise Nicholson
COUNTY CLERK
BY: CD M

**CAUSE NO. 2025-004200-1**

| | | |
|---|---|---|
| **CHELSEA ANGELOCCI and THOMAS FRANKLIN SELLERS,** | § | **IN THE COUNTY COURT** |
| | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **AT LAW NO. 1** |
| | § | |
| **PEREZ REMODELING FTW, LLC, CAROLINE LOPEZ-PEREZ, AND ELIASER PEREZ, JR.,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | **TARRANT COUNTY, TEXAS** |

**SUGGESTION OF BANKRUPTCY**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Eliaser Perez, Jr. and Caroline Nicole Lopez-Perez (the "Defendant-Debtors"), and file this Suggestion of Bankruptcy, and would respectfully show the Court as follows:

On June 23, 2026, the Defendant-Debtors filed a joint voluntary petition for relief under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, Case No. 26-42732-elm7. A copy of the Notice of Chapter 7 Bankruptcy Case is attached as Exhibit "A."

Pursuant to 11 U.S.C. § 362(a), the filing of the bankruptcy case operates as an automatic stay of the commencement or continuation of judicial, administrative, or other actions or proceedings against the individual Defendant-Debtors, including the continuation of this lawsuit against them, the entry of judgment against them, and any act to collect, assess, or recover a prepetition claim against them.

The Defendant-Debtors respectfully request that the Court take notice of the automatic stay and abate all proceedings, proposed findings, proposed judgment language, and requested relief

against the Defendant-Debtors unless and until relief from the automatic stay is granted by the Bankruptcy Court.

This Suggestion of Bankruptcy is filed by undersigned bankruptcy counsel for the limited purpose of providing notice of the Defendant-Debtors' bankruptcy filing and the automatic stay. This filing is not intended as, and should not be construed as, a general appearance by undersigned counsel as counsel of record in this state-court action, nor as a substitution for, or replacement of, existing counsel of record.

WHEREFORE, PREMISES CONSIDERED, Defendant-Debtors pray that the Court acknowledge the pendency of the Bankruptcy Case and the resulting automatic stay, abate all proceedings against the Defendant-Debtors, and grant such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

REAVES & LEE, PLLC

/s/Jon M. Reaves
Jon M. Reaves
Texas State Bar No. 24137142
E-Mail: jreaves@reaveslee.com
Christopher Marvin Lee
Texas State Bar No. 24041319
8701 Bedford Euless Road, Suite 510
Hurst, Texas 76053
(214) 440-1414 - Office
(469) 694-1059 - Facsimile

BANKRUPTCY COUNSEL FOR ELIASER PEREZ, JR. AND CAROLINE NICOLE LOPEZ-PEREZ, APPEARING FOR THE LIMITED PURPOSE OF FILING THIS NOTICE

**CERTIFICATE OF SERVICE**

I certify that on June 23, 2026, a true and correct copy of the foregoing Suggestion of Bankruptcy was served on all counsel of record listed below through the Court's electronic filing manager and, to the extent applicable, by email:

T. Franklin "Frank" Sellers
Texas Bar No. 24080305
frank@sellerstriallaw.com

Dustin G. Hoffman
Texas Bar No. 24120896
dustin@sellerstriallaw.com

McCall Hoops
Texas Bar No. 24149967
mccall@sellerstriallaw.com

SELLERS LAW FIRM, PC
1612 Summit Ave., Suite 200
Fort Worth, Texas 76102

ATTORNEYS FOR PLAINTIFF
THOMAS FRANKLIN SELLERS

Collin Ashworth
Texas Bar No. 24099660
collin@collinashworthlaw.com
2214 Park Springs Blvd.
Arlington, Texas 76013

ATTORNEY FOR PLAINTIFF
CHELSEA ANGELOCCI

Julie K. Camacho
Texas Bar No. 24032904
JCamacho@CamachoPLLC.com
CAMACHO LAW FIRM, PLLC
2525 Ridgmar Blvd., Suite 240
Fort Worth, Texas 76116

COUNSEL FOR DEFENDANTS

/s/Jon M. Reaves
Jon M. Reaves

# Exhibit "A"

**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor 1: | Eliaser Perez (First Name / Middle Name / Last Name) | Social Security number or ITIN: | xxx−xx−6765 |
| | | EIN: | _ _−_ _ _ _ _ _ _ |
| Debtor 2: (Spouse, if filing) | Caroline Nicole Lopez (First Name / Middle Name / Last Name) | Social Security number or ITIN: | xxx−xx−5722 |
| | | EIN: | _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court: | Northern District of Texas | Date case filed for chapter: | 7 6/23/26 |
| Case number: | 26−42732−elm7 | | |

Official Form 309A (For Individuals or Joint Debtors)

# Notice of Chapter 7 Bankruptcy Case −− No Proof of Claim Deadline 10/20

10/20

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | **About Debtor 1:** | **About Debtor 2:** |
|---|---|---|---|
| 1. | **Debtor's full name** | Eliaser Perez | Caroline Nicole Lopez |
| 2. | **All other names used in the last 8 years** | aka Eli Perez | |
| 3. | **Address** | 5151 Lubbock Ave<br>Fort Worth, TX 76115 | 5151 Lubbock Ave<br>Fort Worth, TX 76115 |
| 4. | **Debtor's attorney**<br>Name and address | Christopher Marvin Lee<br>Reaves & Lee, PLLC<br>8701 W. Bedford Euless Road<br>Suite 510<br>Hurst, TX 76053 | Contact phone 469−646−8995<br>Email: ecf@reaveslee.com |
| 5. | **Bankruptcy trustee**<br>Name and address | Roddrick Newhouse<br>401 Century Pkwy<br>Unit 715<br>Allen, TX 75013 | Contact phone 469−777−6560 |

**For more information, see page 2 >**

| | | |
|---|---|---|
| **6. Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | 501 W. Tenth Street<br>Fort Worth, TX 76102 | Hours open:<br>Mon.−Fri. 8:30−4:30<br><br>Contact phone 817−333−6000<br><br>Date: 6/23/26 |
| **7. Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **July 21, 2026 at 10:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | Location:<br><br>**Zoom video meeting. Go to Zoom.us/join, Enter Meeting ID 813 822 9351, and Passcode 9957098007, OR call 1−469−784−9078**<br><br>For additional meeting information, go to https://www.justice.gov/ust/moc |
| **8. Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| **9. Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: 9/21/26** |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **10. Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **11. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at https://pacer.uscourts.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jon Reaves on behalf of Jon Reaves
Bar No. 24137142
625d436a-2804-4e53-9e8f-71a0e8484d84@us.efiling.clio.com
Envelope ID: 116520897
Filing Code Description: Suggestion of Bankruptcy
Filing Description:
Status as of 6/24/2026 9:04 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Collin Ashworth | 24099660 | Collin@collinashworthlaw.com | 6/24/2026 8:59:05 AM | SENT |

Associated Case Party: Chelsea Angelocci

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Frank Sellers | | frank@sellerstriallaw.com | 6/24/2026 8:59:05 AM | SENT |
| Frank Sellers | | frank@sellerstriallaw.com | 6/24/2026 8:59:05 AM | SENT |
| Dustin Hoffman | | dustin@sellerstriallaw.com | 6/24/2026 8:59:05 AM | SENT |
| Dustin Hoffman | | dustin@sellerstriallaw.com | 6/24/2026 8:59:05 AM | SENT |

Associated Case Party: Caroline Lopez-Perez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Julie KCamacho | | JCamacho@CamachoPLLC.com | 6/24/2026 8:59:05 AM | SENT |

Associated Case Party: Eliaser Perez Jr.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Julie KCamacho | | JCamacho@CamachoPLLC.com | 6/24/2026 8:59:05 AM | SENT |

Associated Case Party: Perez Remodeling FTW, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Julie Camacho | | jcamacho@camachopllc.com | 6/24/2026 8:59:05 AM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jon Reaves on behalf of Jon Reaves
Bar No. 24137142
625d436a-2804-4e53-9e8f-71a0e8484d84@us.efiling.clio.com
Envelope ID: 116520897
Filing Code Description: Suggestion of Bankruptcy
Filing Description:
Status as of 6/24/2026 9:04 AM CST

Associated Case Party: Perez Remodeling FTW, LLC

| | | | | |
|---|---|---|---|---|
| Julie Camacho | | jcamacho@camachopllc.com | 6/24/2026 8:59:05 AM | SENT |
| Julie Camacho | | jcamacho@camachopllc.com | 6/24/2026 8:59:05 AM | SENT |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| IN RE: CAROLINE LOPEZ AND ELIASER PEREZ<br>*DEBTORS.* | CASE NO. 26-42732-ELM7<br>**CHAPTER 7** |

## ORDER LIFTING AUTOMATIC STAY

On this day came on to be considered Plaintiffs' Motion for Relief from Automatic Stay, filed pursuant to 11 U.S.C. § 362(d), and the Court, having considered the motion, evidence, and arguments of counsel, is of the opinion that the motion should be **GRANTED**.

**IT IS THEREFORE ORDERED** that the automatic stay imposed by 11 U.S.C. § 362(a) **is** lifted to allow potential Creditors Chelsea Angelocci and Thomas Franklin Sellers to proceed in this case for the limited purpose of liquidating their claims against Debtors in the state court action styled *Chelsea Angelocci and Thomas Franklin Sellers v. Perez Remodeling FTW, LLC, Caroline Lopez-Perez, and Eliaser Perez*, Cause No. 2025-0004200-1, in the County Court at Law No. 1 of Tarrant County, Texas.

**IT IS FURTHER ORDERED** that Plaintiffs shall not enforce, or attempt to enforce, any judgment against Debtors without further approval and order of this Court.

This relief is granted without prejudice to the right of the Court to determine the dischargeability of any judgment rendered herein.

SIGNED on this the ____ day of _______________, 2026.

_______________________________________
JUDGE PRESIDING