**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| IN RE:<br>**ELIASER PEREZ AND**<br>**CAROLINE NICOLE LOPEZ,**<br>*DEBTORS.* | **CASE NO. 26-42732-ELM7**<br>**CHAPTER 7** |
| **CHELSEA ANGELOCCI AND**<br>**THOMAS FRANKLIN SELLERS,**<br>*PLAINTIFFS,*<br><br>V.<br><br>**CAROLINE LOPEZ-PEREZ AND**<br>**ELIASER PEREZ JR.,**<br>*DEFENDANTS.* | **ADVERSARY NO. __________** |

## PLAINTIFFS' COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT (11 U.S.C. § 523(A)(2)(A) AND § 523(A)(6))

Plaintiffs Chelsea Angelocci and Thomas Franklin Sellers file this adversary complaint to except from discharge their debt against Debtors Caroline Lopez-Perez and Eliaser Perez Jr. under 11 U.S.C. § 523(a)(2)(A) and § 523(a)(6), and respectfully show the Court:

## NATURE OF THE PROCEEDING

1. This adversary proceeding seeks a determination that a debt is nondischargeable under 11 .U.S.C. § 523(a)(2)(A) and § 523(a)(6). Plaintiffs hold a final judgment against the Debtors founded on the Debtors' fraud and their knowing and intentional violations of the Texas Deceptive Trade Practices Act.

Plaintiffs ask the Court to declare that debt, and all sums awarded in the judgment, excepted from the Debtors' discharge.

## Parties

2. Plaintiffs Chelsea Angelocci and Thomas Franklin Sellers are individuals residing in Fort Worth, Texas, and are creditors of the Debtors.

3. Defendant Caroline Lopez-Perez (also identified in the petition as Caroline Nicole Lopez) is a Debtor in the above-captioned Chapter 7 case and may be served through her counsel of record, Jon M. Reaves.

4. Defendant Eliaser Perez Jr. (also identified in the petition as Eliaser Perez) is a Debtor in the above-captioned Chapter 7 case and may be served through his counsel of record, Jon M. Reaves.

## Jurisdiction and Venue

5. The Court has jurisdiction under 28 U.S.C. §§ 1334 and 157. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Plaintiffs consent to the entry of final orders and judgment by the Bankruptcy Court.

6. This proceeding is brought under Federal Rule of Bankruptcy Procedure 7001(6). Venue is proper under 28 U.S.C. § 1409 because the proceeding arises in a case pending in this district.

7. This complaint is timely filed on or before September 21, 2026, the deadline set in the Court's notice under Federal Rules of Bankruptcy Procedure 4007(c) and 4004(a).

## Factual Background

8. Plaintiffs are homeowners who contracted with Perez Remodeling FTW, LLC for a kitchen remodel at their residence at 3812 W. 4th Street, Fort Worth, Texas.

9. To induce Plaintiffs to enter and perform the contract, the Debtors made a series of representations that were false when made, including: that Jorge "George" Barrios would fabricate and install the cabinetry; that any substitute cabinetmaker's work would equal or exceed Barrios's; that Perez Remodeling was fully licensed and insured and would carry general-liability coverage of not less than $1,000,000 during the work; that Perez Remodeling would pull all necessary permits; and that the work would comply with all applicable laws, codes, and trade standards.

10. Each representation was false, the Debtors knew it was false or made it recklessly as a positive assertion, and the Debtors made it intending that Plaintiffs rely. Plaintiffs justifiably relied to their detriment and were damaged.

## The State-Court Judgment and Jury Findings

11. Plaintiffs sued the Debtors and Perez Remodeling FTW, LLC in Cause No. 2025-0004200-1 in the County Court at Law No. 1 of Tarrant County, Texas. After a trial on the merits, a jury returned a verdict for Plaintiffs, and on July 22, 2026 the court signed a Final Judgment. The Final Judgment which incorporates the jury's verdict is attached as Exhibit A.

12. The jury found that Eliaser Perez Jr. committed fraud against Plaintiffs (Question 3): that he made a material misrepresentation he knew was false or made recklessly as a positive assertion, with the intent that Plaintiffs act on it, and that Plaintiffs relied on it and were injured.

13. The jury found that Perez Remodeling FTW, LLC engaged in false, misleading, or deceptive acts on which Plaintiffs relied to their detriment (Questions 5A–5D): misrepresenting the characteristics, uses, or benefits of services; misrepresenting the standard, quality, or grade of services; misrepresenting the rights or obligations conferred by the agreement; and failing to disclose information.

14. The jury found that this conduct was committed knowingly and intentionally (Questions 6 and 7): with actual awareness of the falsity, deception, or unfairness of the conduct, coupled with the specific intent that Plaintiffs act in detrimental reliance.

15. The jury found that Caroline Lopez-Perez caused Perez Remodeling FTW, LLC to be used for the purpose of perpetrating, and that it did perpetrate, an actual fraud on Plaintiffs primarily for her direct personal benefit (Question 9).

16. On these findings, the Final Judgment awards Plaintiffs, against Perez Remodeling FTW, LLC and Caroline Lopez-Perez jointly and severally, $49,510.00 in economic damages, $20,000.00 in mental-anguish damages, $25,000.00 in DTPA additional damages, and $40,000.00 in attorney's fees — a

total of $134,510.00 — plus prejudgment interest, postjudgment interest, and costs; and, against Eliaser Perez Jr., $69,510.00 in actual damages for fraud, plus prejudgment interest, postjudgment interest, and costs.

## Collateral Estoppel

17. The jury's findings were actually litigated, essential to the judgment, and necessarily decided, and they are entitled to preclusive effect in this proceeding. The Final Judgment recites the specific subsidiary facts underlying the fraud and DTPA findings, and is not a conclusory recital.

18. The elements the jury necessarily found — a material misrepresentation, made with knowledge of its falsity or recklessly as a positive assertion, with intent to induce reliance, on which Plaintiffs justifiably relied and were injured — are identical to the elements of nondischargeability under 11 U.S.C. § 523(a)(2)(A). The finding that Caroline Lopez-Perez perpetrated an actual fraud for her direct personal benefit is likewise identical to the elements of § 523(a)(2)(A).

## Count I
## Nondischargeability Under 11 U.S.C. § 523(a)(2)(A)

19. Plaintiffs incorporate the preceding paragraphs.

20. The Debtors obtained money, property, or services — and the benefit of Plaintiffs' performance — by false pretenses, false representations, and actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).

21. Under *Cohen v. de la Cruz*, 523 U.S. 213 (1998), the entire debt arising from that fraud is nondischargeable, including the DTPA additional damages, the attorney's fees, prejudgment and postjudgment interest, and costs awarded in the Final Judgment.

22. The debt is therefore excepted from discharge under § 523(a)(2)(A).

## COUNT II
## NONDISCHARGEABILITY UNDER 11 U.S.C. § 523(A)(6)

23. Plaintiffs incorporate the preceding paragraphs.

24. In the alternative and in addition, the Debtors' knowing and intentional conduct caused a willful and malicious injury to Plaintiffs and their property within the meaning of 11 U.S.C. § 523(a)(6). The jury's findings of knowing and intentional conduct establish a deliberate and intended injury, not a merely negligent or reckless one.

25. The debt is therefore also excepted from discharge under § 523(a)(6).

## ATTORNEY'S FEES

26. Plaintiffs are entitled to recover, and seek, their reasonable and necessary attorney's fees and costs incurred in this adversary proceeding against Debtor Caroline Nicole Lopez. *See Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 452–53, 127 S. Ct. 1199, 1206, 167 L. Ed. 2d 178 (2007) ("Consistent with our prior statements regarding creditors' entitlements in bankruptcy . . . , we generally presume that claims enforceable under applicable state law will be

allowed in bankruptcy unless they are expressly disallowed. *See* 11 U.S.C. § 502(b). Neither the court below nor PG & E has offered any reason why the fact that the attorney's fees in this case were incurred litigating issues of federal bankruptcy law overcomes that presumption.").

## Prayer

For these reasons, Plaintiffs respectfully ask the Court to:

- determine that the debt owed by Caroline Lopez-Perez and Eliaser Perez Jr. to Plaintiffs, as established by the Final Judgment, is excepted from discharge under 11 U.S.C. § 523(a)(2)(A);
- determine that the debt is also excepted from discharge under 11 U.S.C. § 523(a)(6);
- enter judgment that the full amount of the Final Judgment — $134,510.00 as to Caroline Lopez-Perez, jointly and severally, and $69,510.00 as to Eliaser Perez Jr., together with prejudgment interest, postjudgment interest, and costs — is nondischargeable;
- award Plaintiffs their attorney's fees and costs in this adversary proceeding against Debtor Lopez; and
- grant all other relief to which Plaintiffs are entitled.

Respectfully submitted July 27, 2026:


| | |
|---|---|
| **SELLERS LAW FIRM, PC** | **/s/ Frank Sellers** |
| 1612 Summit Ave., Suite 200 | Texas Bar No. 24080305 |
| Fort Worth, Texas 76102 | frank@sellerstriallaw.com |
| P: 817.928.4222 | **/s/ Dustin G. Hoffman** |
| F: 817.385.6715 | Texas Bar No. 24120896 |
| | dustin@sellerstriallaw.com |
| – AND – | |
| **COLLIN ASHWORTH LAW** | **/s/ Collin Ashworth** |
| 2214 Park Springs Blvd | Texas Bar No. 24099660 |
| Arlington, TX 76013 | collin@collinashworthlaw.com |
| P: 817-265-1568 | |

**ATTORNEYS FOR ADVERSARY PLAINTIFFS**


## CERTIFICATE OF SERVICE

I certify that on July 27, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all parties receiving electronic notice in this case, including counsel for the Debtors, Jon M. Reaves, jreaves@reaveslee.com, and that summons and complaint will be served on the Debtors and their counsel as required by Federal Rule of Bankruptcy Procedure 7004.

/s/ Frank Sellers

# A

FILED
TARRANT COUNTY, TEXAS
07/22/2026 11:38:25 AM
MARY LOUISE NICHOLSON
COUNTY CLERK

BY: Moorer, Carmen

COUNTY COURT AT LAW NO. 1
TARRANT COUNTY, TEXAS

| | |
|---|---|
| CHELSEA ANGELOCCI AND<br>THOMAS FRANKLIN SELLERS<br>*PLAINTIFFS,*<br><br>V.<br><br>PEREZ REMODELING FTW, LLC,<br>CAROLINE LOPEZ-PEREZ, AND<br>ELIASAR PEREZ, JR.<br>*DEFENDANTS.* | CAUSE NO. 2025-0004200-1 |

# FINAL JUDGMENT

On June 1, 2026, this case was called for trial. Plaintiffs Chelsea Angelocci and Thomas Franklin Sellers appeared through their counsel and announced ready for trial. Defendants Perez Remodeling FTW, LLC, Caroline Lopez-Perez, and Eliasar Perez, Jr. appeared through their counsel and announced ready for trial.

The Court determined that it had jurisdiction over the parties and subject matter of this case.

After a jury was impaneled and sworn, it heard evidence and arguments of counsel. In response to questions submitted to it, the jury made findings that the Court received, filed and entered of record. The questions submitted to the jury and the jury's findings are attached as Exhibit A and incorporated by reference.

The case was submitted to the jury, which returned its verdict. The jury certified unanimity as required for Question 6, Question 7, and Question 14, regarding knowing conduct, intentional conduct, and DTPA additional damages.

Plaintiffs elect their remedies to recover under the DTPA against Perez Remodeling FTW, LLC and Caroline Lopez-Perez, and under fraud against Eliaser Perez Jr. This Judgment does not award recovery on negligence findings.

The Court, having received the verdict and applied the law to the jury's answers, renders judgment as follows.

**LIABILITY — DTPA**

Pursuant to the jury's response to questions in the Court's Charge, the Court finds:

1. Perez Remodeling FTW, LLC engaged in false, misleading, or deceptive acts or practices that Plaintiffs relied on to their detriment and that were a producing cause of damages to Plaintiffs.

2. Specifically, the jury was instructed that Plaintiffs alleged the following false, misleading, or deceptive acts or practices:

   a. That Jorge Barrios would fabricate and install the cabinets;

   b. That if Jorge Barrios did not fabricate and install the cabinets, the cabinet fabrication and installation would be of equal quality to Barrios's work;

   c. That Perez Remodeling was fully licensed and insured;

   d. That Perez Remodeling would carry a liability policy of not less than $1 million during the work at 3812 W. 4th Street;

   e. That Perez Remodeling would pull all necessary permits before completing the kitchen remodel at 3812 W. 4th Street; and

   f. That Perez Remodeling would perform the work in compliance with all applicable laws, trade standards, and codes.

3. The jury found Perez Remodeling FTW, LLC did engage in the false, misleading, or deceptive act(s) and practice(s) by answering "Yes" to Question 5A, misrepresenting the characteristics, uses, or benefits of services; Question 5B, misrepresenting the

standard, quality, or grade of services; Question 5C, misrepresenting the rights or obligations conferred by the agreement; and Question 5D, failing to disclose information. Perez Remodeling FTW, LLC misrepresented characteristics, uses, or benefits of services.

4. Perez Remodeling FTW, LLC engaged in such conduct knowingly, meaning Perez Remodeling FTW, LLC acted with actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question.

5. Perez Remodeling FTW, LLC engaged in such conduct intentionally, meaning Perez Remodeling FTW, LLC acted with actual awareness of the falsity, deception, or unfairness of the conduct in question, coupled with the specific intent that Plaintiffs act in detrimental reliance on the falsity or deception.

**LIABILITY — FRAUD**

6. The jury found that Eliaser Perez Jr. committed fraud against Plaintiffs.

7. The fraud findings against Eliaser Perez Jr. are essential to this Judgment.

8. The jury found that Eliaser Perez Jr. committed fraud against Plaintiffs by doing one or more of the following:

a. Falsely representing that Perez Remodeling FTW, LLC carried general liability insurance with limits of not less than $1,000,000 per occurrence;

b. Falsely representing that Jorge "George" Barrios would fabricate and install the cabinetry, or by failing to disclose that another cabinetmaker would be substituted for Mr. Barrios;

c. Falsely representing that Perez Remodeling FTW, LLC works with many cabinetmakers, and any substituted cabinetmakers used on the project at 3812 W. 4th Street would be of equal or better quality than those made by Jorge "George" Barrios;

d. Falsely representing that the substituted cabinetmaker would produce work equal in quality or better to the work of Mr. Barrios;

e. Falsely representing that the electrical and plumbing work would be safe and code-compliant;

f. Falsely representing that Perez Remodeling FTW, LLC would pull all necessary permits and comply with all applicable laws, codes, and trade standards; or

g. Falsely representing that Perez Remodeling FTW, LLC would use licensed plumbers and electricians who were employees of Perez Remodeling FTW, LLC.

9. The fraud found by the jury means that Eliaser Perez Jr. made a material misrepresentation; the misrepresentation was made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion; the misrepresentation was made with the intention that it should be acted on by Plaintiffs; and Plaintiffs acted in reliance on the misrepresentation and thereby suffered injury.

10. Eliaser Perez Jr.'s personal liability arises from the jury's finding that he personally committed fraud against Plaintiffs. The fraud finding against Eliaser Perez Jr. is essential to this Judgment.

## VEIL-PIERCING AND PERSONAL LIABILITY OF CAROLINE LOPEZ-PEREZ

11. The jury found that Caroline Lopez-Perez is responsible for the conduct of Perez Remodeling FTW, LLC found by the jury in response to Question 5.

12. The jury found that Caroline Lopez-Perez caused Perez Remodeling FTW, LLC to be used for the purpose of perpetrating, and Perez Remodeling FTW, LLC did perpetrate, an actual fraud on Plaintiffs primarily for Caroline Lopez-Perez's direct personal benefit.

13. The jury was instructed that "actual fraud" in Question 9 involves dishonesty of purpose or intent to deceive.

14. Based on the jury's finding in Question 9, Caroline Lopez-Perez is personally liable for the conduct, obligations, and judgment debt of Perez Remodeling FTW, LLC to Plaintiffs.

15. Caroline Lopez-Perez is personally liable, jointly and severally with Perez Remodeling FTW, LLC, for the full amount of the judgment entered against Perez Remodeling FTW, LLC, including actual damages, DTPA additional damages, attorney's fees, prejudgment interest, post-judgment interest, and court costs.

16. Caroline Lopez-Perez's personal liability arises from actual fraud committed for her direct personal benefit, as found by the jury in Question 9.

## ACTUAL DAMAGES

17. Plaintiffs suffered the following economic damages:

| | | |
|---|---|---|
| Reasonable and necessary cost to repair or remedy the construction defects to the residence: | $38,510.00 | |
| Loss of use and enjoyment of the residence that, in reasonable probability, will be sustained in the future: | $1,000.00 | |
| Reasonable and necessary expenses of temporary housing or relocation that, in reasonable probability, will be incurred in the future: | $10,000.00 | |
| **Total Economic Damages** | | **$49,510.00** |

18. Plaintiffs suffered the following mental anguish damages:

| | |
|---|---|
| Chelsea Angelocci — mental anguish sustained in the past: | $10,000.00 |
| Chelsea Angelocci — mental anguish that, in reasonable probability, will be sustained in the future: | $0.00 |
| Thomas Franklin Sellers — mental anguish sustained in the past: | $10,000.00 |
| Thomas Franklin Sellers — mental anguish that, in reasonable probability, will be sustained in the future: | $0.00 |

| | |
|---|---|
| **Total Non-Economic Damages** | **$20,000.00** |

23. Plaintiffs' total actual damages are **$69,510.00**.

## DTPA ADDITIONAL DAMAGES

19. The jury unanimously found that $25,000.00 should be awarded to Plaintiffs against Perez Remodeling FTW, LLC in addition to actual damages because Perez Remodeling FTW, LLC's conduct was committed knowingly or intentionally.

20. The $25,000.00 in DTPA additional damages is awarded based on the jury's findings that Perez Remodeling FTW, LLC acted knowingly and intentionally, and based on the conduct found by the jury in questions 5, 6, and 14.

## ATTORNEY'S FEES

21. The jury awarded Plaintiffs $40,000.00 as a reasonable fee for the necessary services of Plaintiffs' attorneys for representation through trial and the completion of proceedings in the trial court.

22. The attorney's fees are awarded pursuant to the DTPA because Plaintiffs are prevailing consumers.

23. The $40,000.00 attorney's-fee award is part of the judgment debt arising from the DTPA liability found by the jury and is essential to this Judgment.

## ELECTION OF REMEDIES

24. Plaintiffs elect to recover under the DTPA against Perez Remodeling FTW, LLC and Caroline Lopez-Perez because that election gives Plaintiffs the greatest recovery supported by the jury's verdict.

25. Plaintiffs elect to recover against Eliaser Perez Jr. based on the jury's fraud finding in Question 3.

26. Plaintiffs do not elect recovery based on negligence, and this Judgment does not award recovery on negligence findings.

## JUDGMENT AGAINST PEREZ REMODELING FTW, LLC AND CAROLINE LOPEZ-PEREZ

It is, therefore, **ORDERED, ADJUDGED, and DECREED** that Plaintiffs Chelsea Angelocci and Thomas Franklin Sellers recover from Defendants Perez Remodeling FTW, LLC and Caroline Lopez-Perez, jointly and severally, the following:

- Actual economic damages: $49,510.00
- Mental anguish damages: $20,000.00
- DTPA additional damages: $25,000.00
- Attorney's fees through trial and completion of proceedings in the trial court: $40,000.00
- Total before prejudgment interest and costs: $134,510.00

## JUDGMENT AGAINST ELIASER PEREZ JR.

It is further **ORDERED, ADJUDGED, and DECREED** that Plaintiffs Chelsea Angelocci and Thomas Franklin Sellers recover from Defendant Eliaser Perez Jr. actual damages for fraud in the amount of $69,510.00, plus prejudgment interest, postjudgment interest, and court costs as awarded below.

## ONE SATISFACTION

Plaintiffs are entitled to only one satisfaction of the compensatory damages awarded for the same injury. Any payment toward the compensatory damages awarded against any Defendant shall be credited against the compensatory damages owed by the other Defendants for the same injury.

This one-satisfaction limitation does not reduce the separate DTPA additional damages, attorney's fees, taxable court costs, prejudgment interest, or postjudgment interest awarded against Perez Remodeling FTW, LLC and Caroline Lopez-Perez.

## PREJUDGMENT INTEREST

Prejudgment interest is awarded to Plaintiffs on their past repair/remedy economic damages of $38,510.00 at the rate of 6.75% per annum, as provided by Texas Finance Code §§ 304.003 and 304.103, calculated as simple interest pursuant to § 304.104.

Under § 304.104, prejudgment interest accrues beginning on the earlier of the 180th day after the date a defendant receives written notice of a claim or the date suit is filed. Plaintiffs gave all Defendants — Perez Remodeling FTW, LLC, Caroline Lopez-Perez, and Eliaser Perez Jr. — written notice of their claim by letter dated October 22, 2024. The 180th day after that notice is April 20, 2025, which precedes the dates suit was filed against each Defendant. Prejudgment interest therefore accrues as to Defendants Perez Remodeling FTW, LLC and Caroline Lopez-Perez from April 20, 2025 through the date immediately preceding the signing of this Judgment.

As of the date immediately preceding the signing of this Judgment, the prejudgment-interest period is 457 days. Prejudgment interest is therefore awarded in the amount of $3,254 (calculated as follows: $38,510.00 × 0.0675 ÷ 365 × 457 days).

No prejudgment interest is awarded on future damages, mental anguish damages, DTPA additional damages, attorney's fees, or court costs.

## POSTJUDGMENT INTEREST

Plaintiffs recover post-judgment interest at the rate of 6.75% per annum, compounded annually, on all amounts awarded in this Judgment, including actual damages, DTPA

additional damages, attorney's fees, prejudgment interest through the date immediately preceding the signing of this Judgment, and court costs, from the date this Judgment is signed until paid.

**COSTS**

Costs of court are taxed against Defendants Perez Remodeling FTW, LLC, Caroline Lopez-Perez, and Eliaser Perez Jr.

**FINALITY**

This Judgment finally disposes of all parties and all claims and is appealable. All relief not expressly granted in this Judgment is denied.

SIGNED this 22 day of July, 2026.

HON. DON PIERSON
JUDGE PRESIDING

# A

**Signed Jury Verdict**

6-4-26 ✓

**County Court at Law No. 1**
**Tarrant County, Texas**

FILED
___m.
JUN 05 2026
COUNTY CLERK TARRANT CO., TEXAS
BY ___ DEPUTY

**Chelsea Angelocci and Thomas Franklin Sellers,**
***Plaintiffs,***

**v.**

**Perez Remodeling FTW, LLC, Caroline Lopez-Perez, and Eliaser Perez Jr.,**
***Defendants.***

**Cause No. 2025-0004200-1**

## COURT'S CHARGE TO THE JURY

Members of the Jury:

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason.

Here are the instructions for answering the questions.

1. Do not let bias, prejudice, or sympathy play any part in your decision.
2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.
3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.
4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.
5. All the questions and answers are important. No one should say that any question or answer is not important.
6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true.

Some of the questions in this charge ask you to answer based on "clear and convincing evidence." That phrase means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established. The instructions for those questions will tell you so.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.
8. Do not answer questions by drawing straws or by any method of chance.
9. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.
10. Do not trade your answer to one question for someone else's answer to another question.
11. Unless otherwise instructed, the answers to the questions must be based on the decision of at least five of the six jurors. The same five jurors must agree on every answer. Do not agree to be bound by a vote of anything less than five jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

## Definitions

"Negligence" means failure to use ordinary care, that is, failing to do that which a person of ordinary prudence would have done under the same or similar circumstances or doing that which a person of ordinary prudence would not have done under the same or similar circumstances.

"Ordinary care" means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances.

"Producing cause" means a cause that was a substantial factor in bringing about the injury, harm, or damages, if any, and without which the injury, harm, or damages would not have occurred. There may be more than one producing cause.

"Construction defect" means a matter concerning the design, construction, or repair of a residence, of an alteration of or repair or addition to an existing residence, or of an appurtenance to a residence, on which a person has a complaint against a contractor. The term may include any physical damage to the residence, any appurtenance, or the real property on which the residence and appurtenance are affixed proximately caused by a construction defect.

"Knowingly" means actual awareness, at the time of the act or practice complained of, of the falsity, deception, or unfairness of the act or practice giving rise to the consumer's claim. Actual awareness may be inferred when objective manifestations indicate that a person acted with actual awareness.

A "good and workmanlike manner" is that quality of work performed by one who has the knowledge, training, or experience necessary for the successful practice of a trade or occupation and performed in a manner generally considered proficient by those capable of judging such work.

## Question 1

Did Perez Remodeling FTW, LLC fail to substiantially comply with the parties' April 12, 2024 construction contract?

Substantial compliance means that the essential elements of the contract have been performed such that the work is substantially completed.

Answer "Yes" or "No."

Answer: yes

## Question 2

Did Perez Remodeling FTW, LLC fail to comply with an express warranty given to Plaintiffs?

An "express warranty" is created when —

1. a party makes an affirmation of fact or promise that relates to the goods or services and becomes part of the basis of the bargain; and
2. the goods or services do not conform to the affirmation or promise.

Plaintiffs allege Perez Remodeling FTW, LLC made the following express warranties:

1. Jorge Barrios would fabricate and install the cabinets;
2. If not Jorge Barrios, the cabinet fabrication and installation would be of equal quality to that of Barrios;
3. Perez Remodeling FTW, LLC, works with many cabinetmakers, and any they use are of at least equal standard, quality, or grade to that of Jorge Barrios;
4. Time was of the essence, and the work would be completed on or before September 6, 2024;
5. That the kitchen remodel done at 3812 W. 4th Street would be done in a good and workmanlike manner;
6. That Perez Remodeling was fully licensed and insured;
7. That Perez Remodeling would carry a not less than $1 Million liability policy during the time the work was complted at 3812 W. 4th Street;
8. That Perez Remodeling would pull all necessary permits prior to completing the kitchen remodel at 3812 W. 4th Street;
9. That Perez Remodeling would perform work in compliance with all applicable laws, trade standards, and codes; or
10. That Perez Remodeling would "At the completion of the Work . . . remove all waste materials, rubbish and debris from and about the Property as well as all tools, appliances, construction equipment and machinery, and surplus materials, and shall leave the Property clean and ready for occupancy by Client."

You need not all agree on the same express warranty, but to vote yes you must believe Defendant failed to comply with at least one of the express warranties.

Answer "Yes" or "No."

Answer: yes

**Question 3**

Did any of those named below commit fraud against Plaintiffs by doing any of the following:

1. Representing that Perez Remodeling FTW, LLC carried general liability insurance with limits of not less than $1,000,000 per occurrence;
2. Representing that Jorge "George" Barrios would fabricate and install the cabinetry, or by failing to disclose that another cabinetmaker would be substituted for Mr. Barrios;
3. Representing that Perez Remodeling FTW, LLC works with many cabinetmakers, and any the substituted cabinetmakers they use on the project at 3812 W. 4th Street would be of equal or better quality than those made by Jorge "George" Barrios;
4. Representing that the substituted cabinetmaker would produce work equal in quality or better to the work of Mr. Barrios;
5. Representing that the electrical and plumbing work would be safe and code-compliant;
6. Representing that Perez Remodeling FTW, LLC would pull all necessary permits, and comply with all applicable laws, codes, and trade standards; or
7. Representing that Perez Remodeling FTW, LLC would use licensed plumbers and electricians who were employees of Perez Remodeling FTW, LCC.

You need not all agree on the same representation, but to vote yes you must believe Defendant failed to comply with at least one of the representations above.

"Fraud" occurs when —

1. a party makes a material misrepresentation,
2. the misrepresentation is made with knowledge of its falsity or made recklessly without any knowledge of the truth and as a positive assertion,
3. the misrepresentation is made with the intention that it should be acted on by the other party, and
4. the other party acts in reliance on the misrepresentation and thereby suffers injury.

"Misrepresentation" means —

1. a false statement of fact;
2. a promise of future performance made with an intent, at the time the promise was made, not to perform as promised;
3. a statement of opinion based on a false statement of fact;
4. a statement of opinion that the maker knows to be false; or
5. an expression of opinion that is false, made by one claiming or implying to have special knowledge of the subject matter of the opinion. "Special knowledge" means knowledge or information superior to that possessed by the other party and to which the other party did not have equal access.

Answer "Yes" or "No" for each of the following:

Perez Remodeling FTW, LLC: yes

Caroline Lopez-Perez: yes

Eliaser Perez Jr.: yes

**Question 4**

Did the negligence, if any, of those named below proximately cause damages to Plaintiffs' residence?

To answer yes, you must find find that:

1. The construction defect existed at the time of completion of the construction, alteration, or repair; and

2. The damages were proximately caused by the construction defect

"Proximate cause" means a cause that was a substantial factor in bringing about an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using ordinary care would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

Answer "Yes" or "No" for each of the following:

Perez Remodeling FTW, LLC: yes

Caroline Lopez-Perez: yes

Eliaser Perez Jr.: yes

Chelsea Angelocci: yes

Thomas Franklin Sellers: yes

## Question 5

Did Perez Remodeling FTW, LLC engage in any false, misleading, or deceptive act or practice that Plaintiffs relied on to their detriment and that was a producing cause of damages to Plaintiffs?

"False, misleading, or deceptive act or practice" means any one of the following:

1. representing that goods or services have characteristics, uses, or benefits they do not have;
2. representing that goods or services are of a particular standard, quality, or grade if they are of another;
3. representing that an agreement confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law; or
4. failing to disclose information about goods or services that was known at the time of the transaction with the intent to induce the consumer into a transaction the consumer would not have entered into had the information been disclosed.

Here, Plaintiffs allege the following false, misleading, or deceptive act or practice:

1. Jorge Barrios would fabricate and install the cabinets;
2. If not Jorge Barrios, the cabinet fabrication and installation would be of equal quality to that of Barrios;
3. That Perez Remodeling was fully licensed and insured;
4. That Perez Remodeling would carry a not less than $1 Million liability policy during the time the work was complted at 3812 W. 4th Street;
5. That Perez Remodeling would pull all necessary permits prior to completing the kitchen remodel at 3812 W. 4th Street; or
6. That Perez Remodeling would perform work in compliance with all applicable laws, trade standards, and codes.

You need not all agree on the same false, misleading, or deceptive act or practice, but to vote yes you must believe Defendant engaged in one or more of the false, misleading, or deceptive act(s) or practice(s).

Answer "Yes" or "No" for each of the following acts or practices:

5A. Misrepresenting characteristics, uses, or benefits of services: yes

5B. Misrepresenting the standard, quality, or grade of services: yes

5C. Misrepresenting the rights or obligations conferred by the agreement: yes

5D. Failing to disclose information: yes

Answer Question 6 only if you answered "Yes" to Question 5A, Question 5B, Question 5C, or Question 5D. Otherwise, do not answer Question 6.

**Question 6**

Did Perez Remodeling FTW, LLC engage in any such conduct knowingly?

"Knowingly" means actual awareness, at the time of the conduct, of the falsity, deception, or unfairness of the conduct in question. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

In answering this question, consider only the conduct that you have found was a producing cause of damages to Plaintiffs.

Answer "Yes" or "No."

Answer: yes

Answer Question 7 only if you answered "Yes" to Question 5A, Question 5B, Question 5C, or Question 5D. Otherwise, do not answer Question 7.

**Question 7**

Did Perez Remodeling FTW, LLC engage in any such conduct intentionally?

"Intentionally" means actual awareness of the falsity, deception, or unfairness of the conduct in question, coupled with the specific intent that Plaintiffs act in detrimental reliance on the falsity or deception. Specific intent may be inferred where objective manifestations indicate that a person acted intentionally.

In answering this question, consider only the conduct that you have found was a producing cause of damages to Plaintiffs.

Answer "Yes" or "No."

Answer: yes

Answer Question 8 only if you answered "Yes" as to more than one person or entity in response to Question 4. Otherwise, do not answer Question 8.

**Question 8**

For this question, consider only the conduct of those persons or entities, if any, that you found to be a proximate cause of damages in Question 4.

Assign percentages of responsibility only to those you found caused or contributed to cause damages. The percentages you assign must total 100 percent. The percentages must be expressed in whole numbers. The percentage of responsibility attributable to any one of those listed below is not necessarily measured by the number of acts or omissions found.

Answer in percentages.

Perez Remodeling FTW, LLC: 80 %

Caroline Lopez-Perez: 5 %

Eliaser Perez Jr.: 5 %

Chelsea Angelocci: 5 %

Thomas Franklin Sellers: 5 %

**Total: 100%**

Answer Question 9 only if you answered "Yes" as to Perez Remodeling FTW, LLC in Question 5A, Question 5B, Question 5C, or Question 5D. Otherwise, do not answer Question 9.

**Question 9**

Is Caroline Lopez-Perez responsible for the conduct of Perez Remodeling FTW, LLC found by you in response to Question 5?

Caroline Lopez-Perez is "responsible" for the conduct of Perez Remodeling FTW, LLC if that person caused Perez Remodeling FTW, LLC to be used for the purpose of perpetrating, and Perez Remodeling FTW, LLC did perpetrate, an actual fraud on Plaintiffs primarily for the direct personal benefit of that person.

"Actual fraud" in this question involves dishonesty of purpose or intent to deceive.

Answer "Yes" or "No" for each of the following:

Caroline Lopez-Perez: yes

Answer Question 10 only if you answered "Yes" to Question 1, Question 2, Question 3, Question 4, Question 5A, Question 5B, Question 5C, Question 5D, or Question 9. Otherwise, do not answer Question 10.

**Question 10**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for their damages, if any, that resulted from the conduct you have found?

Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Plaintiffs. Any reduction will be made by the court.

Do not include any amount for any condition existing before the construction work in question, except to the extent, if any, that such other condition was aggravated by any conduct you have found.

Do not add any amount for interest on damages, if any.

Consider the following elements of damages, if any, and none other. You shall not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any.

Answer separately in dollars and cents for damages, if any.

| | |
|---|---|
| 10A. Reasonable and necessary cost to repair or remedy the construction defects to the residence | $ 38,510 |
| 10B. Loss of use and enjoyment of the residence sustained in the past | $ Ø |
| 10C. Loss of use and enjoyment of the residence that, in reasonable probability, will be sustained in the future | $ 1,000 |
| 10D. Reasonable and necessary expenses of temporary housing or relocation incurred in the past | $ Ø |
| 10E. Reasonable and necessary expenses of temporary housing or relocation that, in reasonable probability, will be incurred in the future | $ 10,000 |

Answer Question 11 only if you answered "Yes" as to any defendant in Question 3, or "Yes" to Question 6 or Question 7. Otherwise, do not answer Question 11.

**Question 11**

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiffs for mental anguish, if any, that resulted from the conduct you have found?

You are instructed that to award mental anguish damages, the conduct found in Question 3, Question 6, or Question 7, if any, must have caused a substantial disruption in the daily routine of one or more plaintiffs, or created a high degree of mental pain and distress that is more than ordinary disappointment or concern.

Answer separately in dollars and cents for damages, if any.

11A. Chelsea Angelocci – Mental anguish sustained in the past $10,000

11B. Chelsea Angelocci – Mental anguish that, in reasonable probability, will be sustained in the future $Ø

11C. Thomas Franklin Sellers – Mental anguish sustained in the past $10,000

11D. Thomas Franklin Sellers – Mental anguish that, in reasonable probability, will be sustained in the future $Ø

Answer Question 12 regarding a defendant only if you unanimously answered "Yes" to Question 3 or Question 4 regarding that defendant. Otherwise, do not answer Question 12 regarding that defendant.

To answer "Yes" to any part of Question 12, your answer must be unanimous. You may answer "No" to any part of Question 12 only upon a vote of five or more jurors. Otherwise, you must not answer that part of Question 12.

**Question 12**

Do you find by clear and convincing evidence that the harm to Plaintiffs resulted from fraud or gross negligence by any of the following?

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Gross negligence" means an act or omission by the defendant —

1. which when viewed objectively from the standpoint of the defendant at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and
2. of which the defendant has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

You are further instructed that Perez Remodeling FTW, LLC may be grossly negligent because of an act or omission by Caroline Lopez-Perez or Eliaser Perez Jr. if, but only if, Caroline Lopez-Perez or Eliaser Perez Jr. was acting in a managerial capacity for Perez Remodeling FTW, LLC and within the scope of that managerial capacity, or Perez Remodeling FTW, LLC authorized, ratified, or approved the act or omission.

Answer "Yes" or "No" for each of the following:

Perez Remodeling FTW, LLC: _______________

Caroline Lopez-Perez: _______________

Eliaser Perez Jr.: _______________

Answer Question 13 regarding a defendant only if you unanimously answered "Yes" to Question 12 regarding that defendant. Otherwise, do not answer Question 13 regarding that defendant.

You must unanimously agree on the amount of any award of exemplary damages.

**Question 13**

What sum of money, if any, if paid now in cash, should be assessed against each defendant and awarded to Plaintiffs as exemplary damages, if any, for the conduct found in response to Question 12?

"Exemplary damages" means an amount that you may in your discretion award as a penalty or by way of punishment.

Factors to consider in awarding exemplary damages, if any, are:

1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of the defendant.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.
6. The net worth of the defendant.

Answer separately in dollars and cents, if any.

Perez Remodeling FTW, LLC: $_______________

Caroline Lopez-Perez: $_______________

Answer Question 14 only if you unanimously answered "Yes" to Question 6 or Question 7. Otherwise, do not answer Question 14.

To answer Question 14, your answer must be unanimous. You must unanimously agree on the amount of any award of additional damages.

**Question 14**

What sum of money, if any, in addition to actual damages, should be awarded to Plaintiffs against Perez Remodeling FTW, LLC because Perez Remodeling FTW, LLC's conduct was committed knowingly or intentionally?

Factors to consider in awarding additional damages, if any, are:

1. The nature of the wrong.
2. The character of the conduct involved.
3. The degree of culpability of Perez Remodeling FTW, LLC.
4. The situation and sensibilities of the parties concerned.
5. The extent to which such conduct offends a public sense of justice and propriety.
6. The net worth of Perez Remodeling FTW, LLC.

Answer in dollars and cents, if any.

Answer: $ 25,000

Answer Question 15 only if you answered "Yes" to Question 1, Question 2, or Question 5A, Question 5B, Question 5C, or Question 5D. Otherwise, do not answer Question 15.

**Question 15**

What is a reasonable fee for the necessary services of Plaintiffs' attorneys, stated in dollars and cents?

Factors to consider in determining a reasonable fee include —

1. the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
2. the likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;
3. the fee customarily charged in the locality for similar legal services;
4. the amount involved and the results obtained;
5. the time limitations imposed by the client or by the circumstances;
6. the nature and length of the professional relationship with the client;

7. the experience, reputation, and ability of the lawyer or lawyers performing the services; and
8. whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Answer in dollars and cents.

1. For representation through trial and the completion of proceedings in the trial court.

Answer: $40,000

2. For representation through appeal to the court of appeals.

Answer: $0.00

3. For representation at the petition for review stage in the Supreme Court of Texas.

Answer: $0.00

4. For representation at the merits briefing stage in the Supreme Court of Texas.

Answer: $0.00

5. For representation through oral argument and the completion of proceedings in the Supreme Court of Texas.

Answer: $0.00

## Question 16

Was Perez Remodeling FTW, LLC's letter of May 30, 2025, a reasonable written offer of settlement to Plaintiffs?

Answer "Yes" or "No."

Answer: NO

Was Perez Remodeling FTW, LLC's letter of May 14, 2026, a reasonable written offer of settlement to Plaintiffs?

Answer "Yes" or "No."

Answer: NO

Was Perez Remodeling FTW, LLC's letter of April 29, 2026, a reasonable written offer of settlement to Plaintiffs?

Answer "Yes" or "No."

Answer: NO

**Presiding Juror:**

1. When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2. The presiding juror has these duties:

a. have the complete charge read aloud if it will be helpful to your deliberations;
b. preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;
c. give written questions or comments to the bailiff who will give them to the judge;
d. write down the answers you agree on;
e. get the signatures for the verdict certificate; and
f. notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

**Instructions for Signing the Verdict Certificate:**

1. Where indicated, you may answer a question on a vote of 5 jurors. The same 5 jurors must agree on every answer in the charge. This means you may not have one group of 5 jurors agree on one answer and a different group of 5 jurors agree on another answer. Some questions may require a unanimous vote. If that is the case, all 6 of you must agree on such answer.

2. If all 6 of you agree on every answer, you are unanimous and only the presiding juror signs the verdict. If 5 jurors agree on every answer, those 5 jurors sign the verdict.

3. All jurors should deliberate on every question. You may end up with all 6 of you agreeing on some answers, while only 5 of you agree on other answers. But when you sign the verdict, only those 5 who agree on every answer will sign the verdict.

Do you understand these instructions? If you do not, please tell me now.

June 4, 2026

_______________________
Judge Presiding

## Verdict Certificate

Check one:

______ Our verdict is unanimous. All six of us have agreed to each and every answer. The presiding juror has signed the certificate for all six of us.

________________________________

Presiding Juror

________________________________

Printed Name of Presiding Juror

✓ Our verdict is not unanimous. Five of us have agreed to each and every answer except any answer for which the charge requires unanimity, and those five jurors have signed the certificate below.

| | Jurors' Signatures | Jurors' Printed Names |
|---|---|---|
| 1. | SRussell | Sarah Russell |
| 2. | [signature] | RAYMOND L. PEREZ |
| 3. | [signature] | James Redford |
| 4. | [signature] | Ana Garcia |
| 5. | [signature] | Angelica Anaya |

If you answered Question 12, Question 13, or Question 14, then you must sign this certificate also.

**Additional Certificate**

I certify that the jury was unanimous in answering Question 12 and Question 13 as to each defendant for whom exemplary damages were awarded, and in answering Question 6, Question 7, and Question 14 if additional damages were awarded under Question 14. All six of us agreed to each such answer. The presiding juror has signed the certificate for all six of us.

Answer "yes" or "no" for each of the following:

Question No. 6: yes

Question No. 7: yes

Question No. 12: ______________

Question No. 13: ______________

Question No. 14: yes

SRussell
Signature of Presiding Juror

Sarah Russell
Printed Name of Presiding Juror